Thomas B. Gates

*vs.*

Solon W. Manny et al.

One partner is presumed to know, as a matter of fact, who were his co-partners at a given date, and as to this fact it is competent for him to depose as a witness.

When the declarations of a party who assumed to act as agent of another, are offered in evidence against the latter, it is for the Court to decide, as a preliminary question, whether there is any evidence of such agency. If there is not, the statements should be rejected—if there is, they may be received.

The determination of this preliminary question by the Court, does not relieve the party offering the evidence from the burden of proving to the jury the alleged agency.

All the exceptions or modifications of a legal proposition need not necessarily be stated in the same connection. If the proper modifications and exceptions to the general rule are made, there is no ground for reversal, unless there is something in the charge so obscure, absurd, or contradictory, as to tend to mislead or confound the jury.

This is an appeal from the District Court for Rice county. The case is sufficiently stated in the opinion of the Court.

Gordon E. Cole for Appellant.

Batchelder & Buckham for Respondents.

*By the Court*—Wilson, Ch. J.—This action was commenced to recover a sum of money lent by the plaintiff to

" Parshall and Manny." Judgment was for the plaintiff, and Solon W. Manny appealed. The disputed question in the case was whether the appellant was a member of the firm.

On the trial, John R. Parshall, one of the parties, having been called as a witness for the plaintiff, was asked the question, " Who were the members of your firm ?" The appellant objected to the question, and excepted to the ruling of the Court admitting the answer, on the ground " that it was a mixed question of law and fact, and a question for the jury." The witness answered, " Myself, the defendant, Solon W. Manny, senior, and Lewis H. Bullis, were members of the firm. He (the appellant) took an interest in the firm in June, 1866. The name of the firm was Parshall & Manny. The negotiation between him and myself for the purchase of one-half interest took place at his house. His son was clerking for me at the time, and told me he thought his father would buy an interest in the store, and I sent my terms up to him, and he sent down for me to come up. I think his son was about nineteen years of age ; can't swear to his age. I went up to defendant's house, and we made the bargain, and he paid me the money, $1,000, for one-half interest. His son was present, Solon W. Jr. The defendant said his son would have charge of the business; he spoke to his son about attending to the business, and said if he didn't attend to his business he would come down and run it himself. This was in a joke I suppose. I spoke about drawing articles of co-partnership, and he said it would be legal, and made a receipt for the money he paid me." The objection, we think, was not well taken. The witness was presumed to know, as a matter of fact, who were the co-partners engaged with him in carrying on the branch of business referred to, and the interrogatory pro-

Gates v. Manny et al.

pounded, and his answer thereto, seem to have related to this matter of fact, and not to the legal effect of the facts. As to this fact, we think it was as competent for the witness to depose as to any other. The same witness further testified : " In February, 1867, I sold out my entire interest to the defendant (appellant) ; paid me $750 down, a span of horses called $350, and a check for $400. It was a span of grey horses. He had owned them as long as I knew him. The negotiation was entirely through his son. I did not see the defendant or talk with him on the subject." The plaintiff then asked the question, " State what the proposition was from the defendant, communicated to you by his son ?" to which the defendant objected, on the ground that no agency or authority to his son to act in this matter for the defendant had been shown. The Court overruled the objection and admitted the evidence, on the ground that it was justified by prior evidence of the witness, and the defendant excepted.

Witness answered.

The statements of the younger Manny were hearsay, and therefore not competent evidence unless he was authorized to speak or act for his father in the premises ; his own declarations would not prove his agency. It was the duty of the Court to determine, as a preliminary question, whether there was any evidence of such authority, and if there was, it was proper to submit the statements to the jury for their consideration ; if there was not, they should have been rejected as incompetent, and entitled to *no* weight against the appellant. The ruling of the Court on the preliminary question did not relieve the plaintiff from the necessity of proving to the jury the alleged agency ; it only determined that there was some evidence proper for their consideration, tending to establish the fact. While it must be admitted

that there was very little evidence offered on this point be-
fore the ruling complained of, the fact that payment was
made, in part at least, by appellant's money and property,
was evidence tending to establish it, and therefore, we think,
justifying the ruling of the Court. The same witness after-
ward, while on the stand, testified: " I afterward met Pro-
fessor Manny, at his house, with Gates; he explained to
me about one horse being lame. There was also a figuring
up of the debts. The professor said I hadn't in as much
as he supposed, and he claimed that he was losing money.
I told him the amount I had in was on the books. The
debts the firm owed were all figured up, and he had them
in figuring how he had lost money. I am quite sure the
Gates debts were figured in. The money borrowed of
Gates was all borrowed while I was a member of the firm.
This conversation about the debts was at Manny's house.
Mr. Manny never said anything about the young man being
a member. I was at his house several times; each time we
had a conversation about the business." Had this evidence
been received before asking the question objected to, it
would have removed all doubt as to the admissibility of the
answer, for it showed, *prima facie*, that the appellant pur-
chased the property through the agency of his son. Whe-
ther it was introduced before or after the ruling of the
Court, cannot affect the substantial rights of the appellant,
for it equally tended to establish the fact that the younger
Manny acted for his father, and to show that the question
of his agency, and his declarations as agent, were properly
submitted to the consideration of the jury, and that the er-
ror of the court—if there was error—could not have result-
ed in injury to the appellant.

On the request of the plaintiff, the Court charged the
jury as follows: " If the defendant, Solon W. Manny, held

Gates v. Manny et al.

himself out to the public to be a member of the firm of Parshall & Manny, he became liable for the firm debts, though he had no intention himself of becoming a member of such firm, or claiming any interest in its profits, and might not have been a partner, as between the partners themselves."

" If Solon W. Manny so managed his connection with the firm of Parshall and Manny as to lead third parties to consider him a member of said firm, and to give credit to said firm on the strength of his connection with it, he is liable for the debts of the firm."

"Any private understanding between the defendant, Solon W. Manny, and his son, as to the object of defendant's putting money into said business, or any private intention of the defendant in engaging therein to benefit his son, or furnish a business opening for him, does not affect the defendant's liability to third parties.

" If the defendant Solon W. Manny, held himself out to be a member of the firm of Parshall & Manny, he became liable for the debts, though he took no part in the management of the business, and was not in any way consulted about its purchases or sales, and kept no run of its business, and was not informed of the debts it contracted." To which the appellant excepted.

At the request of the appellant, the Court charged the jury among other things : " In order for the defendant, if he was not actually a partner as to the other partners, to be held liable by reason of holding himself out as a partner, it is necessary for the jury in this case to find from the evidence, that he had said or done words or things, which authorised the plaintiff, before he loaned the money in controversy, to believe him to be a partner ; that those things or words had been before such loan communicated to the

plaintiff, and he had loaned the money, relying upon the faith of such acts or things."

Admitting the law to be substantially as stated in the request of appellant, which we do not decide, there seems to be no fatal error in the charge. The instruction given on request of the plaintiff was inaccurate, but when read in connection with the instruction given on request of appellant, it was not prejudicial to the latter. All the exceptions or modifications of a legal proposition cannot be stated in one sentence, and need not, necessarily, be stated in the same connection. If the proper modifications and exceptions to the general rule are made, there is no ground for reversal, unless there is something in the charge so obscure, absurd or contradictory as to tend to mislead or confound the jury. This charge is not obnoxious to this objection. The general rule and its modifications are given so clearly, that they could not well have been misapprehended.

Judgment affirmed.