Sarah F. Leighton and Gardner D. Leighton her Husband

*vs.*

Theodore B. Sheldon.

*Sections* 2 *and* 3, *chap.* 69, *General Statutes,* provide for the acquisition of property by a married woman during coverture, to her sole and separate use, only when the instrument conveying the same to her contains a power of disposition by deed, will or otherwise.

The existence of the relation of husband and wife may properly be shown by oral testimony. Testimony of a woman that she is the *wife* of a certain person, is evidence of a *fact,* and competent.

This is an appeal taken by the defendant from an order of the district court for Goodhue county, denying a motion for a new trial. The case is fully stated in the opinion of the court.

Ives & Skillman with J. W. Steel for Appellant.

W. Colville with J. C. McClure for Respondents.

*By the Court*—Berry, J.—This is an action in the nature of trover. The complaint alleges, in substance, that the plaintiffs are and for more than fifteen years last past have been husband and wife; that at the time of the alleged conversion of the goods in controversy, and for more than six months prior thereto, the said Sarah was and had been the owner of said goods and that she acquired the same by purchase after her marriage, but that the same were not by the terms of the purchase secured to her sole and separate use, nor did the instrument of conveyance

Leighton et al. v. Sheldon.

thereof, nor any instrument of conveyance of any part thereof, contain a power of disposition, by deed, will, or otherwise, of the whole or any part thereof; but that the same, and every part thereof, was conveyed to and held by her subject to the marital rights of her husband; that on or about June 11th, 1869, the said Sarah being in possession of said goods stored the same with the defendant, a ware-houseman; that on the 12th day of July, 1869, she demanded said goods of said defendant, at the same time tendering to him five dollars, being the price of the storage, as stated by defendant, and a full compensation therefor, and that defendant wrongfully refused to deliver said goods to said Sarah, in consequence of which she has been damaged to the value of said goods, &c.

The answer denies all the foregoing allegations, except that defendant is a warehouseman, and sets up the execution by said Sarah of a chattel mortgage upon the goods in favor of one Christina Rice; the default of said Sarah in performing the condition thereof; the taking of possession of said goods by said mortgagee under said mortgage, with other matters not important to be detailed.

The complaint is evidently framed with the idea that the goods in question are the property of the said Sarah, and her husband is joined with her as a formal party. The complaint does not stop with an averment of her ownership, but proceeds to show the origin of it, and the principal question in the case is whether in so doing, the pleader has shown title in her, or in her husband. If in the latter, we are of opinion that she has shown herself out of court, but if in herself, the complaint would appear to state a good cause of action. It is manifest from the pleadings and other proceedings appearing in the paper book, that the plaintiff Sarah claims to be owner of the

goods in question under the provisions of *sections 2 and 3, ch. 69, Gen. Stat.,* while the defendant contends that under the same sections the goods are the property of her husband.

These sections, so far as important to be considered, read as follows:

Section 2. "Any person capable in law of making a deed or will, including the husband, may convey, devise or bequeath to any married woman, any property or estate to be held by her, without the intervention of a trustee, to her sole and separate use, free from the control or interference of her husband, such conveyance containing a power of disposition by deed, will or otherwise.    *    *    *

Section 3. "Whenever any property is secured to the sole and separate use of a married woman, or conveyed, devised or bequeathed to her, pursuant to any of the foregoing provisions, she shall, in respect to all such property, and the rents, issues and profits thereof, have the same rights and powers, and be entitled to the same remedies in her own name, and be subject to the same obligations as a *feme sole;* she may convey or devise the same, except as provided in section one, without the consent of her husband, and without joining with him in any deed of conveyance of such property," &c.

Section one, referred to, relates to property owned by a woman before marriage, or acquired by her after marriage by *descent,* and there are other sections of the chapter recognizing and declaring other ways in which a married woman may acquire and hold property to her sole and separate use, free from any right in or over the same on the part of her husband.

But in this case we have no concern with any portion of the chapter, except *sect ons 2 and* 3, for as before remarked the plaintiff Sarah claims under these only.

The inquiry then is whether upon the statement contained in the complaint as to the manner in which she acquired her alleged title to the goods, (and it seems to be admitted by both parties that the truth of this statement was established upon the trial) the goods are her property, or the property of her husband.

The cases of *Williams vs. McGrade*, 13 *Minn.* 46, and *Strong vs. Colter*, *Ib.* 82, do not answer this question, for they were decided upon the statute in force prior to the adoption of the present General Statutes, and *ch.* 69, *Gen. Stat.*, as will be seen upon examination, changed and superseded to a considerable extent the statutes previously extant concerning the acquisition of property by married women, and their authority over the same. Under the former statutes (*sec.* 105, *ch.* 71, *Rev. Stat.*, *sec.* 106, *ch.* 61, *Pub. Stat.*) there appears to have been no limitation upon the power of a married woman to *acquire* personal property during coverture by inheritance, gift, grant or devise, while the General Statutes repeal these sections, and impose limitations upon her right of acquisition.

Our construction of *sections 2 and 3, ch.* 69, *Gen. Stat.*, is that they provide for the acquisition of property by a married woman during coverture, to her sole and separate use, only when the instrument conveying the same contains a power of disposition by deed, will, or otherwise. In other words, we think that the words " such conveyance containing a power of disposition by deed, will, or otherwise," qualify all the preceding part of *sec.* 2.

As in the case at bar it is not pretended that the plaintiff Sarah acquired the goods in controversy under any other provisions of *ch.* 69, except *sections 2 and 3*, it follows, if our construction of these sections is correct, that she did not acquire any title to them whatever · and as there is no

provision of the General Statutes declaring in whom the title to personal property shall vest when it is conveyed to a married woman under such circumstances, its ownership must be determined by the rules of the common law. Under these rules the goods of a *feme covert* are the property of her husband, and so in this case it must be held that the goods to which the action relates are the property, not of Sarah F. Leighton, but of her husband.

It was suggested on the argument by the appellant that *sections 2 and 3, ch.* 69, *Gen. Stat.*, have reference only to real property, but we think that the use of the word "bequeath" shows that they relate to personal property also.

But if this were not so, it would only follow that the plaintiff Sarah could not acquire personal property under these sections, and as she claims to have acquired under these sections only, that she had acquired no title whatever to the goods, and this conclusion would as before, and for the same reason, vest the ownership of the same in her husband.

We conclude, therefore, that in pleading the origin of her supposed title to the goods in question, the plaintiff Sarah has shown that her husband, instead of herself, is the owner of the goods.

There is no pretence in the complaint, or in the evidence, so far as it is reported, that said Sarah acted as agent of her husband in storing the goods or demanding the same. On the contrary, as to these matters, the whole case shows that she acted for herself upon the theory that the goods were her own. There is then no allegation of any conversion of the goods by the defendant as against the plaintiff Gardner D. Leighton; and the allegation of damage from the conversion charged, is an allegation of damage not to him, but to his wife.

Leighton et al. v. Sheldon.

It follows that there is no cause of action stated in the complaint, nor, so far as it appears, established by the testimony in favor of plaintiff Gardner D. Leighton, and since, as we have already seen, none is stated in favor of plaintiff Sarah, the verdict in favor of the plaintiffs cannot be supported.

This disposes of the case as it now stands, but it is proper to consider one or two points to which our attention is called, and which may possibly be of importance if any further proceedings are had.

To prove that the plaintiffs were husband and wife, the plaintiff Sarah was asked upon the trial if she was the wife of her co-plaintiff. The question was objected to by the defendant upon the ground, "that verbal testimony was not the best evidence, as it is matter of record." There is nothing in the objection, and it was properly overruled.

Even if it had appeared, as it did not, that the marriage was celebrated under our statutes, no such exclusive effect is given to the record of it as evidence, and under *sec.* 89, *ch.* 73, *Gen. Stat.*, what the defendant styles "verbal testimony" of certain kinds is expressly made competent evidence of marriage; and there is no doubt but that the affirmative answer given by the witness to the question asked, was competent as evidence of a *fact* of which it is to be presumed she was cognizant. It stands upon the same basis as the evidence of the *fact* of partnership allowed in *Gates vs. Manney*, 14 *Minn.* 22.

The chattel mortgage offered by defendant, under the allegations of his answer hereinbefore referred to, was properly rejected, as it did not appear to have been signed by the husband Gardner D. Leighton, nor for him, and for the further reason that in the view which we take as to the ownership of the goods, it would seem to be altogether immaterial.

There are some other points made which we do not deem it necessary in the present position of the case to discuss.

The order refusing to vacate the verdict and grant a new trial is reversed.

