ANN CASSIDY *vs.* FIRST NATIONAL BANK OF FARIBAULT.

December 16, 1882.

Certificate of Deposit—Title by Delivery without Indorsement—Defendant issued a certificate of deposit for $1,050, payable to J. C., or order, on the return of the same properly indorsed. The money deposited and the certificate belonged to plaintiff, to whom the latter was delivered by J. C. immediately upon its issue. Plaintiff presented the certificate (which has not been indorsed by J. C.) to defendant, and demanded payment of the balance due on it, at the same time informing defendant that she was its lawful owner, and offering to surrender it upon payment; but defendant refused to pay her. *Held*, that she may, in her own name, properly maintain an action against defendant for the balance due on the certificate.

Plaintiff, claiming to be the owner of a certificate of deposit issued by defendant, payable to the order of her husband, Jerry Cassidy, presented the same to defendant for payment, which was refused because it was not indorsed by the payee. Thereupon plaintiff brought this action on the certificate, as on a promissory note. A jury was waived, and the action tried in the district court for Rice county, before *Buckham,* J., and judgment rendered for plaintiff, from which defendant appeals.

*Geo. N. Baxter,* for appellant.

*J. H. Case,* for respondent.

BERRY, J.* The defendant issued the following instrument, signed by its president:

"FIRST NATIONAL BANK,

"FARIBAULT, MINN., June 1, 1880.

"Jerry Cassidy, Esq., has deposited in this bank $1,050, payable to himself or order, in current funds, on the return of this certificate properly indorsed."

The money deposited was the property of plaintiff, by whom it was handed to Jerry Cassidy, her husband, to be deposited in the defendant bank in his or her name, as he saw fit. Immediately upon receiving the certificate he delivered it to plaintiff, who ever since has had its exclusive possession and control, and has been the real owner of the debt evidenced by it. Before the commencement of this action she presented the certificate to defendant, and demanded payment of the balance due thereon, at the same time informing defendant that she was its lawful owner and holder, and offering to surrender it upon payment. Defendant refused payment, upon the ground that the certificate had not been indorsed, and was claimed by Jerry Cassidy as his own. In fact it has not been indorsed.

The certificate is in effect a negotiable promissory note. *Pardee* v. *Fish,* 60 N. Y. 265; *Klauber* v. *Biggerstaff,* 47 Wis. 551. The fact that the sum named in it is payable "on the return" of the certificate does not raise a contingency affecting its character as such note. In

*Gilfillan, C. J., because of illness, took no part in this case.

the absence of these words, the duty to return upon payment would be implied, as in case of a negotiable promissory note in common form. Notwithstanding it is made payable to the depositor or his order, a third person may become its owner without indorsement. This is, in effect, determined in *Pease* v. *Rush*, 2 Minn. 89, (107.) In that case the title of a note made payable "to the order" of certain persons named was held to pass by delivery without the indorsement of the persons to whose order it was payable. That case also determined that the party acquiring title by such delivery without indorsement was the real party in interest, who was, therefore, under our practice, entitled to maintain an action upon the note in his own name. See, also, *Foster* v. *Berkey*, 8 Minn. 310, (351;) *White* v. *Phelps*, 14 Minn. 21, (27.)

It is impossible to distinguish the case at bar in principle from the cases cited. Here the sum named in the certificate is payable to Jerry Cassidy or his order, upon the return of the certificate properly indorsed. In the case cited from 2 Minn. the sum named in the note was payable "to the order" of the persons named therein; that is, in legal significance, to those to whom they should order it to be paid by their indorsement, and upon the return or delivery up of the note. There is no substantial difference between the two cases. In either, title may be acquired by delivery, and thereupon the owner and holder, as the real party in interest, may maintain an action for the contents of the instrument in his own name. If in the one case the note, or in the other (as here) the certificate, is claimed by some person other than the plaintiff, the maker of the note or the certificate may protect himself by bringing the money into court and compelling an interpleader, under Gen. St. 1878, c. 66, § 131.

Judgment for the plaintiff was properly ordered and entered below, and is accordingly affirmed.