ST. PAUL TITLE INSURANCE & TRUST COMPANY, Trustee, v. WALLACE W. THOMAS.[1]

January 29, 1895.

No. 9076.

**Promissory Note—Option to Declare Principal Due.**

*Held*, that where, by the terms of a promissory note, the principal becomes due and payable at once upon default in payment of the interest, without further notice, at the option of the legal holder thereof, the bringing of an action to recover the principal and interest is a sufficient exercise of the option.

**Same—Action by Trustee.**

The owner of the legal title of such note may exercise such option, and maintain the action in his own name, although he hold such title in trust for others.

**Evidence.**

Evidence considered, and *held* to sustain the findings of the court.

Appeal by defendant from a judgment of the district court for Ramsey county in favor of plaintiff, pursuant to findings and order of Brill, J. Affirmed.

The complaint alleged the execution of a trust deed whereby a certain sum was transferred to Thomas B. Scott, together with Cassie S. Cushing, in trust to invest the same; that by order of the district court the trust company was appointed trustee under the trust deed in place of said Scott; and that the promissory notes in suit were assigned by said Scott to plaintiff. The order appointing the

[1] Reported in 61 N. W. 1134.

trust company trustee directed that the company "do henceforth act jointly with said Cassie S. Cushing as trustee."

*Warner, Richardson & Lawrence,* for appellant.

*Stevens, O'Brien, Cole & Albrecht,* for respondent.

START, C. J. This is an action upon two promissory notes made by the defendant and payable to Thomas B. Scott, trustee, or order, for $2,000 each, upon which the interest was past due and had been demanded by the plaintiff before the action was commenced. Each note contains an agreement that, if the interest is not paid when due, the principal becomes due at once, without further notice, at the option of the legal holder thereof. The only question in the case is whether or not the principal of these notes was due when the action was brought. It is claimed by the defendant that the evidence discloses the fact that the notes were the joint property of the plaintiff and one Cassie S. Cushing, as trustees for Catherine Cushing, and that the option to declare the notes due could only be exercised by the concurrent act of both of said trustees. But it is the legal holder of the notes who is to exercise the option, and the evidence establishes the fact that the plaintiff was such legal holder at the commencement of this action. They were payable to Thomas B. Scott or order (the word "trustee" is simply descriptive of the payee), and he assigned and delivered them to the plaintiff. The allegations of the complaint and the evidence in support thereof, relating to the trust agreement, were immaterial, except to make intelligible the transfer of the notes. The plaintiff, as the owner of the legal title of the notes, had a right to exercise the option and maintain this action in his own name, although he held the title in trust for others. Triggs v. Jones, 46 Minn. 277, 48 N. W. 1113. The bringing of the action was an exercise of the option to declare the principal due for nonpayment of the interest. Fowler v. Woodward, 26 Minn. 347, 4 N. W. 231. No proof that the action was brought by the authority of the corporation was necessary, for it will be presumed that the attorney bringing the action was authorized so to do until his authority is challenged.

Judgment affirmed.