MARGARETHA SPRENG v. BENEDICT JUNI.[1]

November 5, 1909.

Nos. 16,264—(46.)

**Action on Promissory Note — Alteration by Stranger.**

In this, an action upon a promissory note in its original form, which had been changed by erasing the name of plaintiff's agent, who was named therein as payee, and inserting her own name, it is *held:*

1. The owner of a promissory note, in which a third party is named as payee, may maintain an action upon it without indorsement, upon proof of such ownership by evidence other than the note.

2. A change in a written contract by a stranger thereto is not an alteration, but a spoliation, which does not avoid it, and the obligee may enforce it in its original form, as if no change had been made.

3. If the change is made by an agent having no authority which includes the making of such change, it does not avoid the contract, unless ratified by the principal.

4. Evidence considered, and *held* sufficient to sustain the verdict for the plaintiff.

Action in the district court for Brown county against Oscar Gag and Benedict Juni to recover $160 upon a promissory note. The complaint alleged that by mistake of defendant Juni and without the knowledge or consent of plaintiff the note was made payable to B. Gruenenfelder, and that after the execution of the note and before its delivery to the plaintiff, without the knowledge or authority of plaintiff, the name of the payee was crossed out and the name of plaintiff was inserted therein. The answer of defendant Juni alleged that through the fraudulent representations of Gruenenfelder he was induced to sign the note as surety for defendant Gag, believing Gruenenfelder to be the owner of the money to be loaned; that after the note was signed, Gruenenfelder, without the consent or knowledge of Juni, erased the name of Gruenenfelder from the face of the note and put in the place thereof the name of Margaretha Spreng. The reply was a denial, except as to the allegations of the complaint. The case was tried before Olsen, J., and a jury which returned a verdict in

[1] Reported in 122 N. W. 1015.

favor of plaintiff for $176.80. From an order denying the motion of defendant Juni for judgment in his favor notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*Albert Pfaender,* for appellant.

*Somerville & Hauser,* for respondent.

STArt, C. J.

Action upon a promissory note made by the defendant Gag, as principal, and the defendant Juni, as surety, who alone answered, and alleged that the note, after he signed it, was altered without his knowledge or consent. The plaintiff sought to recover upon the note in its original form before any change was made in it, and the jury returned a verdict in his favor for the balance due on the note. The defendant Juni appealed from the order of the district court of the county of Brown, denying his alternative motion for judgment or for a new trial, and here contends that there was no evidence to sustain the verdict; hence the trial court erred in denying his request for a directed verdict in his favor and his motion for judgment.

The evidence was, in some material respects, conflicting; but there was evidence fairly tending to show that plaintiff loaned $200 to the defendant Gag by her agent, B. Gruenenfelder, in whose custody she had placed her money for safe-keeping, and to be loaned to such parties and on such terms as she might first approve; that she authorized him to loan $200 for her to Gag, if Juni would sign the note for it as Gag's surety; that both defendants knew before the note was executed that the plaintiff was making the loan, and that Gruenenfelder was simply transacting the business for her; that Juni drew up and signed the note, in which B. Gruenenfelder was named therein as payee, and gave it to Gag, who signed and gave it to B. Gruenenfelder, who, without any intentional wrong, but ignorantly, erased his own name and inserted the plaintiff's name therein as payee, for the alleged reason, as stated to Gag, who consented to the change, that the money was not his, but the plaintiff's, and he did not want his name on the note; that he then gave to Gag the $200 belonging to the plaintiff; that Gruenenfelder then placed the note in

plaintiff's bag, in his possession, with other papers belonging to her; that she did not see the note until after it became due; and, further, that she never authorized the alteration made in the note, and brought this action to recover upon it in its original form, as her own.

The trial court instructed the jury, relevant to the issues, as follows: "Now, if the jury find from the evidence that the note in question was at all times the property of and owned by this plaintiff, that she made the loan and owned the note, and that Gruenenfelder had and has no interest therein and you further find that B. Gruenenfelder had no authority, express or implied, from this plaintiff to make any change or alteration of the note, and that such alteration thereof by him was made after delivery, without the knowledge and without the consent of the plaintiff, and that the plaintiff had not ratified the act of Gruenenfelder in altering the note, then you should find a verdict in favor of plaintiff." The jury were also instructed that the alteration was material.

Neither party challenges the correctness of the last-named instruction, and we therefore assume, for the purposes of this appeal, that the instruction was correct. The verdict for the plaintiff, in connection with the instructions of the court, establishes that the note in its original form was the property of the plaintiff, that the change in the name of the payee in the note was made after its delivery, and that she neither authorized nor ratified the change. The contention of the defendant, briefly stated, is that there was no evidence to sustain the facts so found by the jury, particularly the finding that the note was altered after its delivery and without her authority, and, further, that the court erred in submitting the question to the jury, instead of directing a verdict for defendant Juni, as requested.

Upon a consideration of the whole evidence, we are of the opinion that it is sufficient to sustain the verdict of the jury, for the facts necessarily found by the jury were sufficient in law to entitle the plaintiff to judgment. The law applicable to such facts is well settled. The owner of a promissory note, in which a third party is named as payee, may maintain an action upon it, without indorse-

ment, upon proof of such ownership by evidence other than the note. Cassidy v. First Nat. Bank, 30 Minn. 86, 14 N. W. 363.

Again, a change in a written contract by a stranger thereto is not an alteration, but a spoliation, which does not avoid it, and the obligee may enforce it in its original form, as if no change had been made. If the change is made by an agent having no authority which includes the making of such change, it does not avoid the contract, unless ratified by the principal. 3 Page, Contracts, §§ 1514, 1515; Ames v. Brown, 22 Minn. 257.

Order affirmed.