## Johnston v. Knipe, Appellant.

*Negotiable instruments—Promissory notes—Payee — Holder in due course—Payee as holder—Common law—Statute—Presumption—Act of May 16, 1901, P. L. 194.*

1. The payee of a promissory note may become a holder in due course under the Negotiable Instruments Act of May 16, 1901, P. L. 194, and may maintain an action thereon against the endorser.

2. In an action on a promissory note brought by the payee, who had become the holder for value thereof before maturity, against an endorser, where defendant contended that he had endorsed the note for accommodation of the maker, with the name of the payee in blank, but with the express understanding that plaintiff's name should not be inserted as payee, and that plaintiff's name had been inserted in violation of the agreement, but where there was nothing to show that plaintiff had knowledge of such facts, the case was for the jury, and a verdict and judgment for plaintiff were sustained.

3. In such case it was not material that the payee had endorsed the note above defendant's signature to facilitate its collection.

Argued Feb. 4, 1918. Appeal, No. 216, Jan. T., 1917, by defendant, from judgment of C. P. Montgomery Co.,

March T., 1916, No. 4, on verdict for plaintiff, in case of E. E. Johnston v. Chester Knipe. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit on promissory note. Before SWARTZ, P. J. The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $4,129.62 and judgment thereon. Defendant appealed.

*Errors assigned* were instructions to the jury.

*John McConaghy, Jr.,* with him *George K. Brecht* and *Henry M. Brownback,* for appellant.—The payee of a promissory note who becomes the holder thereof in due course may not maintain an action thereon against an endorser under Sections 14, 30, 52 and 57 of the Negotiable Instruments Act, May 16, 1901, P. L. 194: Herdman v. Wheeler, L. R. 1 K. B. (1902) 361; Vander Ploeg v. Van Zuuk, 135 Iowa 350 (112 N. W. Repr. 807); Builders L. & C. Co. v. Weimer, 170 Iowa 444; St. Charles Saving Bank v. Edwards, 243 Mo. 553 (147 S. W. Repr. 978); Long v. Shafer, 185 Mo. App. 641 (171 S. W. Repr. 690); Bank of Gresham v. Walch, 76 Oregon 272; Boles Co. v. Clark, 59 Wash. 336; Liberty Trust Co. v. Tilton, 217 Mass. 462 (105 N. E. Repr. 605); Brown v. Rowan, 154 N. Y. Supp. 1098; Ex parte Goldberg & Lewis, 67 So. Repr. 839.

*Samuel D. Conver,* for appellee.—At common law the payee of a promissory note may be a holder in due course: Armstrong v. American Exchange National Bank of Chicago, 133 U. S. 433; J. G. Brill Co. v. Norton, Etc., St. Ry. Co., 189 Mass. 431, 75 N. E. Repr. 1090, 2 L. R. A., N. S. 525; Boston Steel & Iron Co. v. Stener, 183 Mass. 140, 66 N. E. Repr. 646, 97 Am. St. R. 426; First National Bank v. Union Trust Co., 158 Mich. 94,

122 N. W. Repr. 547, 133 Am. St. R. 362; Nelson v. Cowing & Seymour, 6 Hill (N. Y.) 336; Lookout Bank of Morristown v. Aull, 93 Tenn. 645, 27 S. W. Repr. 1014, 42 Am. St. R. 934.

Under Sections 14, 52 and 57 of the Negotiable Instruments Act, May 16, 1901, P. L. 194, the plaintiff is entitled to recover: Ex parte Goldberg & Lewis (Ala.), 67 So. Repr. 839 (rev. 10 Ala. 485, 65 So. Repr. 459); Liberty Trust Co. v. Tilton, 217 Mass. 462, 105 N. E. 605, L. R. A. 1915 B. 144 and note; Brown v. Rowan, 154 N. Y. Supp. 1098.

OPINION BY MR. JUSTICE WALLING, March 11, 1918:

This is an action on a promissory note by the payee against an endorser. Plaintiff was proceeding by law to collect a claim against J. M. Funk, when M. Taylor Uhler came as Funk's agent and asked plaintiff if he would accept a note endorsed by defendant in settlement of the claim. This being satisfactory, Uhler returned the next day with a note, dated Hatfield, Pa., October 14, 1915, and stating, "one month after date I promise to pay to the order of E. E. Johnston at the First National Bank of Lansdale, Pa., Four Thousand one hundred sixty-six and 46/100 Dollars, without defalcation, for value received," signed J. M. Funk, and endorsed M. Taylor Uhler, Chester Knipe. Plaintiff accepted the note and in transferring it to the bank wrote his name above that of the other endorsers. He was compelled to take up the note at maturity and brought this suit thereon against defendant.

At the trial defendant contended that he was an accommodation endorser and signed the note at the request of Uhler, before the name of the payee had been written therein, and with the agreement that plaintiff's name should not be inserted as such. Defendant also contended that, because of the fraud of Uhler, he accepted a worthless mortgage as security for such endorsement.

The note was complete when Uhler delivered it to plaintiff, who accepted it for value, in good faith, before maturity and without notice. The verdict was for plaintiff and the court entered judgment thereon, from which defendant appealed.

The case presents the single question, Can the payee in a promissory note be a holder thereof to whom it has been negotiated in due course? In our opinion he can.

Regardless of what the rule was at common law, the question seems to be governed by section 64 of the Negotiable Instruments Act of May 16, 1901, P. L. 194 (203), 3 Stewart's Purdon, pp. 3281, 3282, that, "Where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivery, he is liable as endorser in accordance with the following rules: 1. If the instrument is payable to the order of a third person, he is liable to the payee and to all subsequent parties." This section is construed and the change is made in the law pointed out in the opinion of our late Brother POTTER in Alldred's Estate, 229 Pa. 627.

Appellant calls our attention to section 30 of said Negotiable Instruments Act, (P. L. 199, 3 Stewart's Purdon, p. 3268), that "An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer, it is negotiated by delivery; if payable to order, it is negotiated by the endorsement of the holder, completed by delivery." Of course, a note payable to order can be and usually is negotiated as therein stated. However, the statute fails to say that it may not be negotiated in any other way.

In our opinion in Pennsylvania a payee may now be a holder in due course, although in other jurisdictions under like statutes the decisions are conflicting. For example in Iowa (Vander Ploeg v. Van Zuuk, 135 Ia. 350) the question is decided in the negative; whereas, in Massachusetts (Liberty

Trust Co. v. Tilton, 217 Mass. 462) it is decided in the affirmative. In the course of a comprehensive discussion in the latter case the court says (p. 465), "The conclusion follows that the payee named in a promissory note, who purchases it complete in form for value before maturity, in good faith and without notice of any infirmity of title or otherwise, is a person to whom it has been negotiated as a holder in due course, notwithstanding it was signed in blank by the party to be charged, whose instructions as to the filling of blanks and delivery have not been followed by the one to whom it was intrusted by him in its incomplete state." And there attention is also called to the great desirability of not upsetting the general understanding and practice of the common law. It may be as defendant contends that when he endorsed the note the payee's name had not been written therein. Even so, the party in possession had the prima facie right to fill up the blanks and although not done according to the understanding between defendant and Uhler that would be no defense as to plaintiff who received the completed note in due course. See Section 14 of said act (3 Stewart's Purdon, p. 3258). Our views accord with those of the court below, viz: "We do not see how the defendant can escape liability to the plaintiff under the facts disclosed in our case. He endorsed the note for the accommodation of the maker. The amount was set out in the note. Mr. Uhler was a prior endorser, and the defendant took from him indemnity against loss from such endorsement. If the name of Uhler had been written into the note, as payee, and the instrument had then been negotiated to Johnston, the defendant's liability would have been exactly the same as that which it is now sought to enforce. If the defendant can now escape payment, it follows that a note cannot be safely taken by the payee, under such irregular endorsements, unless he interviews all the prior parties to the note to ascertain whether there is any secret understanding by any one that may affect his

title. This would destroy for all practical purposes the liability which the statute intends to impose on the person who places his name on the back of a negotiable instrument. It would also tend to interfere with the policy of the law which seeks to protect the holder of commercial paper. Even if in certain cases a payee is not a holder, in due course, we are of opinion that under the facts before us Mr. Johnston is such holder."

The assignments of error are overruled and the judgment is affirmed.