## CALVIN PETERSON v. HILDING SWANSON.[1]

January 18, 1929.

No. 26,896.

See 3 R. C. L. 988; 1 R. C. L. Supp. 939.

*Sterling, Converse & Spence* and *Todd, Fosnes & Green,* for appellant.

*Swanson, Swanson & Swanson,* for respondent.

HILTON, J.

Appeal from an order denying plaintiff's alternative motion for judgment notwithstanding the verdict or for a new trial.

[1]Reported in 223 N. W. 287.

Action on a promissory note dated December 22, 1922, due June 22, 1923, for $458.19, payable to the order of Commercial State Bank of Brainerd. Plaintiff claimed to be the owner and holder of the note as a purchaser thereof from the bank for a valuable consideration after maturity by transfer and delivery without indorsement, and conceded that the note was subject to any defenses that defendant might have had as against the payee. The original note, of which the one in suit is a second renewal, was given for three shares of stock in the above named bank which was then in process of organization. It was given to the Farwell State Bank, of which the brother of plaintiff, A. S. Peterson (now cashier of the Commercial bank) was then cashier. No part of the principal or interest of the original note or of either renewal has been paid.

Defendant admits the execution and delivery of the note. The answer contains a number of defenses, proffered proof of each of which was excluded except the one that plaintiff was not at the time of the commencement of the action the owner of the note. That issue was the only one submitted to the jury, which by its verdict found against plaintiff thereon. At the close of the evidence plaintiff made a motion for a directed verdict which was denied and an exception taken.

■ An indorsement of a promissory note is not necessary in order to pass title. It can be transferred by delivery, the new owner however not being entitled to the privileges of a bona fide holder. He can successfully maintain an action thereon in his own name upon proof of such ownership by evidence other than the note. Pease v. Rush, 2 Minn. 89 (107); Cassidy v. First Nat. Bank, 30 Minn. 86, 14 N. W. 363; Slater v. Foster, 62 Minn. 150, 64 N. W. 160; Spreng v. Juni, 109 Minn. 85, 122 N. W. 1015, 18 Ann. Cas. 222; Watson v. Goldstein, 176 Minn. 18, 222 N. W. 509.

■ Plaintiff here was the owner of the note when this action was commenced. He, as well as A. S. Peterson, who was the active officer of the Commercial bank, testified to the purchase of the note by plaintiff from the bank and of his continued ownership thereafter. There is no opposing testimony. Corroboration appears in

the records of the bank. These show that plaintiff drew money from his savings account and deposited it to the credit of his checking account, drawing a check thereon payable to the bank for the full face value of the note. This duly canceled check was introduced in evidence. The note itself, after delivery to him, was placed in his "instrument pouch" and there remained until taken over by the bank for collection.

G. S. 1923, § 9165, provides:

"Except when otherwise expressly provided by law, every action shall be prosecuted in the name of the real party in interest."

Defendant's claim that the Commercial bank is the real party in interest and not plaintiff is lacking in support. It is predicated upon certain so-called suspicious circumstances. The note in question, prior to its sale and delivery to plaintiff, had been in certain other banks at various times without indorsement. This is of no moment. There was undoubtedly a desire of the bank not to have this overdue obligation, which was given for the purpose stated, among its assets. The proof is uncontradicted that at the time plaintiff bought the note it was owned by the Commercial bank. The bank agreed with plaintiff that if he was unable to collect the note it would reimburse him in full therefor, that is, buy it back. This agreement, assumed by the bank, amounted to no greater obligation than it would have had if the note had been indorsed by the bank. Plaintiff never made any demand on defendant for payment; manifestly a demand would have been without avail. At the time suit was brought on the note, plaintiff was in another state; the bank engaged attorneys to bring this suit and aided them in the preparation for trial. The bank had the note for collection and did no more than any other holder of a note for that purpose might properly do. These circumstances do not affect, much less overcome, the evidence conclusively showing that plaintiff was the owner of the note and entitled to bring suit thereon. Grover v. Bach, 82 Minn. 299, 84 N. W. 909.

The record here discloses that the note is a valid and subsisting obligation of defendant. The officials of the bank admit that plain-

tiff owns it and that the bank does not. A payment to plaintiff would have satisfied his obligation and canceled the note. A payment of the judgment will wipe out his debt. He is completely protected. If plaintiff was the holder only of the legal title he was the real party in interest and could maintain an action thereon even if the bank might have had, at the time this suit was brought, a beneficial interest therein. It is enough if defendant is protected against another suit by the bank or anyone else thereon. St. Paul Title I. & T. Co. v. Thomas, 60 Minn. 140, 61 N. W. 1134; Anderson v. Reardon, 46 Minn. 185, 48 N. W. 777; Triggs v. Jones, 46 Minn. 277, 48 N. W. 1113; McGuigan v. Allen, 165 Minn. 390, 206 N. W. 714, and cases cited. The order appealed from must be reversed. Plaintiff is entitled to judgment notwithstanding the verdict.

So ordered.