FLORENCE O. FURBEE *v.* DAVID FURBEE

(CC 562)

Submitted September 22, 1936. Decided September 29, 1936.

*Walter A. McGlumphy,* for plaintiff.
*Lloyd Arnold,* for defendant.

HATCHER, PRESIDENT:

This certificate presents the question, whether legal action is maintainable against the maker of a note, by one to whom allegedly the payee had transferred the note for value without indorsing it. On demurrer, the circuit court held against the transferee.

The demurrant contends that since the note herein was not indorsed, the transfer did not pass the right of legal action, citing decisions under the Law Merchant

and also citing the Negotiable Instruments Law, section 30 (W. Va. Code, 46-3-1) which follows: "An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer it is negotiated by delivery: if payable to order it is negotiated by the indorsement of the holder, completed by delivery." It is uniformly held that the first sentence of this section defines negotiation; and that the second sentence is specific rather than exclusive. "The last sentence of section 30 was manifestly * * * not intended to define the exclusive methods by which negotiation can be accomplished." *Nat. Bank* v. *Smith*, 59 Mont. 280, 296-7, 196 P. 523, 15 A. L. R. 430. Accord: *Liberty Tr. Co.* v. *Tilton*, 217 Mass. 462, 465, 105 N. E. 605, L. R. A. 1915 B, 144. *Howard Nat. Bank* v. *Wilson*, 96 Vt. 438, 120 Atl. 889, 892; *Johnson* v. *Knipe*, 260 Pa. 504, 507, 105 A. 705, L. R. A. 1918 E, 1042; *Carter* v. *Butler*, 246 Mo. 306, 174 S. W. 399, 402-3. This holding is requisite in order to give effect to other sections of N. I. L., especially section 49 (Code, 46-3-19) which in part follows: "Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferor had therein * * *." This section changes the Law Merchant by vesting in the transferee the entire title of the transferor whether legal or equitable, or both. The transferee thus becomes a *holder* of the note (under the first sentence of section 30), though not *a holder in due course;* since his title is precisely that of, and consequently subject to all the equities against, the transferor. "This section (49) "says Professor Brannan, "vests the title in the transferee without indorsement, and is not affected by sections 30 * * * and if the transferor had the legal title, this must pass though subject to equities." Brannan's N. I. L. (5th Ed.), sec. 49, p. 463. Accord: Lile's Bigelow on Bills, etc. (3rd Ed.), sec. 463. Here the allegations show that the transferor had the legal title to the note in question. Hence the transferee acquired the legal title, and as holder thereof, has the right to main-

tain legal action thereon. Commenting on section 49, Professor Lile in Bigelow, *supra,* sec. 273, says "The first statutory qualification to be noted, is that instead of taking *equitable* title only, as formerly, the transferee, if for value, now acquires 'such title as his transferor had therein.' If, therefore, the latter had the legal title, such title necessarily passes to the transferee, who on proper proof of his ownership, may of course, as holder of the legal title, maintain an action against the maker or acceptor, or other party liable to the transferor." Accord: *Peterson* v. *Swanson,* 176 Minn. 246, 223 N. W. 287; *Goodsell* v. *McElroy Bros. Co.,* 86 Conn. 402, 85 A. 509; *Simpson* v. *Bank,* 94 Ore. 147, 185 Pac. 913, 919; *Anderson* v. *Engard,* 236 Mich. 221, 210 N. W. 237; *Martz* v. *State Nat. Bank,* 131 N. Y. S. 1045; *Harris* v. *Esterbrook,* 55 S. D. 538, 226 N. W. 751, 70 A. L. R., 241, 243; Crawford's Ann. N. I. L., p. 90.

The first sentence in point 1 of the syllabus in our case of *Community Co.* v. *Eifort,* 111 W. Va. 308, to-wit, "To effect a negotiation of a note payable to order, there must be an endorsement and delivery," would seem to ignore the provisions of N. I. L., sec. 49. However, the second sentence, to-wit, "Where there is delivery without endorsement, the rights of the transferee are no greater than those of the transferor" impliedly recognizes negotiation of such a note by transfer. Consequently, that syllabus should be clarified rather than disapproved.

The ruling of the circuit court is reversed.

*Reversed.*