STEWART VAN VLIET, *et al.*, v. ROBERT HALSEY, *et al.*

1. REAL PROPERTY — *Subjection to Judgment.* Real property, conveyed
   before judgment, cannot be subjected to the payment of such judg-
   ment, unless, in an action brought for that purpose, it is alleged and
   proved that it was conveyed with intent to prevent the judgment
   being enforced against it.

2. ———— *Held*, in this case, that there is no such cause of action
   stated in the petition of the plaintiff in error.

*Error from Leavenworth District Court.*

ACTION by *Stewart Van Vliet* and *Levi Wilson* against
*Robert Halsey, A. C. Van Duyn*, as administrator of the es-
tate of Madison Mills, deceased, and five others. The petition
states in substance that, in the district court of Leavenworth
county, on February 18, 1873, *Stewart Van Vliet* recovered
a judgment against Madison Mills for $2,575.21, and that

this judgment became a lien on the southeast quarter of section 13, township 9, range 22, situated in said county, and then owned by the said Madison Mills; that this judgment has not been paid or reversed, and is in full force and effect; that on the 10th day of April, 1873, the said Madison Mills, while on his death-bed, without any consideration other than the promise of *Robert Halsey*, his brother-in-law, to pay the incumbrances and liens on the lands of said Mills in Leavenworth county, Kansas, executed a deed conveying this land, together with 1200 acres of other lands, known as the "Muncie lands," to said *Halsey*; that a few days thereafter the said Mills conveyed to his son, Frank H. Mills, a part of the lands deeded as aforesaid to *Halsey*, and said last deed was first recorded in said county; that on April 28, 1873, the said Madison Mills died, at his residence in the city of New York; that sundry executions were issued on said judgment in favor of *Van Vliet* and against Mills; that on May 20, 1873, *A. C. Van Duyn* was, by the probate court of Leavenworth county, appointed administrator of the estate of Madison Mills; that on October 11, 1875, said judgment in favor of *Van Vliet* was revived against said *Van Duyn*, as administrator aforesaid; that thereafter a sheriff's sale of the above-described land was made, under said judgment, to *Levi Wilson*, to whom said judgment had been assigned for collection only, he being a friend of *Van Vliet* and consenting to act as a trustee for him in the premises; that said sale was confirmed by the district court of Leavenworth county; that said *Halsey* took said matter of the confirmation of the sheriff's sale to the supreme court, where the order of the district court was reversed and the sale held void, and said judgment in favor of *Van Vliet* was declared not to be a lien on the above-described land. (*Halsey v. Van Vliet*, 27 Kas. 474.)

Plaintiffs further aver that at and after the death of Madison Mills and the appointment of said administrator, there was in the state of Kansas no personal property belonging to the Mills estate; that on April 3, 1874, the judgment of Van Vliet against Mills was duly presented to the probate court

of Leavenworth county, and on April 6, 1874, the same was duly probated and allowed as a demand against the estate for the sum of $2,843.43, and assigned to the fourth class of debts, and ordered to be paid in the due course of administration; that said claim remains unpaid, as well as the costs of the proceeding in the probate court; that at all the times stated in this petition all of the defendants, except Van Duyn and Kelly, were and now are non-residents of the state of Kansas; that said administrator has had nothing belonging to the estate which could be applied to the payment of the aforesaid judgment in favor of Van Vliet.

Plaintiffs further state that when Mills conveyed to Halsey the land in question he owned two other tracts of land on which Halsey then held a mortgage to secure a note for over $18,000, claimed to be due from Mills; that on July 7, 1873, Halsey caused a suit on said note and mortgage to be brought in the district court of Leavenworth county, in the name of William Dennistown, in which action a judgment was rendered on November 25, 1873, against Van Duyn as said administrator, and a decree was made ordering a sale of the mortgaged premises; that the mortgaged premises were sold, and the sale confirmed, but that the proceeds thereof failed to pay the amount found due; that Halsey was not made a party to said suit—the petition averring that he had assigned the note to Dennistown; that on August 11, 1874, a general execution for the remainder due on said judgment was issued against said administrator, and under the direction of the said Halsey the southeast quarter of section 13, township 9, range 22, was levied upon and sold as the property of the Mills estate to said Dennistown, who received a sheriff's deed therefor on January 15, 1875; that on March 8, 1876, Robert Halsey made a general assignment of his property, both real and personal, for the benefit of his creditors, and returned an inventory thereof under oath into court in the city of New York, stating in said inventory that he owned real estate in New York and Pennsylvania, but making no mention of any land which he owned in Kansas, and that in 1877 he made a supplemental inventory

under oath of property omitted in the first inventory, and therein he made no mention of the land above described; that at the same time he made under oath a schedule of all debts due him, with the names of the debtors, but did not pretend that Madison Mills or his representatives owed him a cent; that George W. Powers was the original assignee of Halsey, and was succeeded by James S. Greves, who is now assignee and represents the estate of Halsey, and that the outstanding debts of Halsey amount to many thousands of dollars.

Plaintiffs further state that William Dennistown died during the year 1875, and that no administration has been had of his estate; that defendants, Margaret Morris and Mrs. C. M. Bell, claim to be his heirs at law; that defendant, Dr. C. M. Bell, the husband of Mrs. C. M. Bell, claims to have obtained in 1883 a deed for said land from Robert Halsey, which deed is not recorded, and that there are no liens on said land in favor of creditors of said Mills, other than said judgment and its allowance in favor of Van Vliet; that the defendant, W. D. Kelly, claims to be the agent of said C. M. Bell, and in order to bolster up Bell's title, Kelly has purchased the tax-sale certificate of 1882 on said land, and refuses to permit plaintiffs to pay the same, the amount of which tax, with penalties and interest, the plaintiffs now bring into court to be paid to said Kelly as the court may direct.

Plaintiffs further say that they are judgment creditors of said Madison Mills, and of his estate; that the said administrator Van Duyn, refuses to take any steps to subject said land to the payment of the judgment of Van Vliet, probated and allowed in the probate court as aforesaid; that said administrator has not now nor has he had since his appointment, any money or property of the Mills estate which can be applied to the payment of plaintiffs' demand. And inasmuch as plaintiffs are without remedy in the probate court of Leavenworth county, and the supreme court has held the sheriff's sale of said land to Wilson void, these plaintiffs pray —

"That they have judgment for the amount due, allowed and adjudged to Van Vliet by the courts aforesaid, and that

they be declared judgment creditors of Madison Mills and of his estate for the amount due to Van Vliet upon said judgment and allowance; that all of defendants may be required to set up their rights and equities to the southeast quarter of section 13, in township 9, of range 22, in Leavenworth county, Kansas; that said land be declared to be the property of the estate of Madison Mills, deceased; that plaintiffs' demand be declared the first lien thereon, and that the said land be by decree of this court ordered sold to pay plaintiffs' judgment and allowance aforesaid; that the deeds thereto held by defendants be adjudged void, and that defendants' claims to said land be subject to plaintiffs' demand; that the improvements put on said land be declared an equitable lien thereon, and the value thereof be decreed to be paid to plaintiffs; and that defendants, and all persons claiming under them, be barred and foreclosed of any and all right after a sale of the same under plaintiffs' judgment and demand, and for costs; and for such other relief as shall be just and equitable."

The defendants demurred to the petition, and assigned the following causes:

"1. The court has no jurisdiction of the subject of the action.

"2. There is a defect of parties plaintiff.

"3. There is a defect of parties defendant.

"4. Several causes of action are improperly joined.

"5. The petition does not state facts sufficient to constitute a cause of action."

The demurrer was sustained at the December Term, 1884. The plaintiffs bring the case here, assigning as error, the ruling of the district court sustaining the demurrer.

*Wm. Green,* and *L. B. & S. E. Wheat,* for plaintiffs in error.
*Lucien Baker,* and *E. Stillings,* for defendants in error.

Opinion. by SIMPSON, C.: We confess our inability to determine with any degree of precision the cause of action stated, or attempted to be set forth in the petition filed in this case in the district court of Leavenworth county, by the plaintiffs in error. The prayer for relief, instead of affording some indication of the cause of action alleged, is as confusing as the

statement of facts; and all we can do is, to pass upon all the allegations of the petition as they are recited.

The plaintiff in error, Van Vliet, alleges that he recovered a judgment against Madison Mills, at the February term, 1873, of the district court of Leavenworth county, for $2,575.21, and costs, and that said judgment has not been paid or reversed, and that the same is in full force and effect; that Mills died on the 28th day of April, 1873, at his residence in New York city; that on the 20th day of May, 1873, A. C. Van Duyn was duly appointed administrator of the estate of Mills, by the probate court of Leavenworth county; that on the 11th day of October, 1875, said judgment in favor of Van Vliet was revived against Van Duyn as administrator of the estate of Mills; that on the 3d day of April, 1874, the said judgment was duly exhibited against the estate of Mills in the probate court of Leavenworth county, and on the 6th day of April, 1874, was duly probated and allowed, and the estate was adjudged to be indebted to Van Vliet in the sum of $2,843.43; and that said judgment was assigned by the probate court to the fourth class of debts against said estate, and ordered to be paid in due course of administration.

Among the numerous prayers for relief contained in the petition, is one for judgment for the amount due and allowed and adjudged to Van Vliet by the courts aforesaid, (meaning the probate and district courts of Leavenworth county.) Now, whatever had been in the mind of the pleader, it is perfectly evident that this action was not intended as a suit on the judgment of Van Vliet against Madison Mills. The petition alleges the judgment, its revivor against the administrator, that it has never been paid or reversed, and that it is in full force and effect; and these, coupled with other allegations, seem to us to conclusively negative any presumption that it was intended to state a cause of action on the judgment. This disposes of the first prayer for relief, and the allegations of the petition supposed to authorize such a judgment.

The next prayer is, that the plaintiffs be declared to be judgment creditors of Madison Mills and his estate. If it be

true that they have such a judgment against Mills, duly revived against his administrator, they are judgment creditors to all intents and purposes, and cannot be benefited by such a declaration. No additional rights can be given them by a naked declaration of the district court of Leavenworth county. They come within the definition of judgment creditors by virtue of the fact that they have in full force and effect a judgment rendered against Madison Mills in his lifetime, and duly revived against his regularly appointed administrator.

The next series of allegations in the petition seems to be directed to a statement of facts to establish the proposition that this judgment is a lien on the land described; and there is a prayer that the court so declare. This court held in the case of *Halsey v. Van Vliet*, 27 Kas. 474, that this judgment was not a lien on the land; and as there has been nothing done since the rendition of the judgment in the district court, except to exhibit the judgment against the administrator of Mills, and have it classified by the probate court of Leavenworth county as a demand against the estate of Mills, this certainly would not have the effect to make it a lien.

There are numerous allegations in the petition reciting a state of facts upon which it is contended that the court would be empowered to make such a decree, and among them are the following: That the land was conveyed to Halsey by Mills with the expressed agreement that Halsey should pay the liens of this and other incumbrances upon it; that Halsey directed this land to be sold at sheriff's sale to pay the residue of the judgment in the foreclosure action of Dennistown *v.* Mills's administrator and others; that in the assignment of Halsey and in the schedule of his creditors, no mention is made of his ownership of this land and of the indebtedness of the Mills estate to him. Disposing of these in their order, it is only necessary to say of the first allegation that if Halsey accepted the conveyance of this land with the agreement to pay the lien of the judgment, he has been relieved of that by a decision of this court; and if he agreed to pay the judgment, a direct action against him is the proper remedy.

The second proposition is, that Halsey directed that this land be sold by the sheriff to pay the remainder of the judgment in the foreclosure action of Dennistown v. Van Vliet, the administrator of Mills, and others. The pleader makes this allegation with the view that it is an admission by Halsey that this land belongs to the estate of Mills, and that he is therefore estopped from denying it in this action. If the plaintiff in error Van Vliet had been a party to that action, there would be some foundation for such a belief, but as he was not, the element of mutuality that is characteristic of estoppel is wanting.

Other allegations of the petition furnish a very good reason why Halsey should direct this quarter of land to be sold to satisfy the residue of the Dennistown judgment. It is stated that Halsey had a note for $18,000 against Mills, secured by other real estate owned by Mills in Leavenworth county; that after Mills's death, this mortgage was assigned by Halsey to Dennistown, and an action for the foreclosure commenced in the district court of Leavenworth county; that as the mortgaged premises did not sell for a sufficient sum to satisfy the judgment, an execution was issued for the remainder due, and this quarter-section of land was sold. The petition does not allege that the assignment of Halsey to Dennistown was only colorable, and made with the intent and for the purpose of having this land sold, and thus preventing the plaintiff in error, Van Vliet, from subjecting it to the payment of his judgment; but it does allege that there was an assignment of the note and mortgage to Dennistown. In the absence of any claim to the contrary, it must be assumed that the assignment was in good faith, and for a valuable consideration, and that to prevent recourse on him, Halsey could have this land sold for the benefit of Dennistown, to pay him in full and to relieve Halsey of any liability on the assignment. This land was bid off to Dennistown, the sale confirmed, and a sheriff's deed made to him on the 15th day of January, 1875; and at that time, by the decision of this court, the plaintiff in error

had no lien on the land, and his judgment had not been re-vived against the administrator of Mills.

Under the state of facts alleged in the petition, showing that the title to this land had passed to and been vested in Dennistown, with no allegations respecting him as participat-ing in any attempt to prevent the plaintiff in error from enforcing his judgment by the sale of this land, with his heirs-at-law parties to this action, and made so probably for this purpose, and yet not charged through their ancestor with notice or knowledge, how can the court grant the prayer for relief?

The plaintiff in error also alleges that Halsey, on the 5th day of March, 1876, made a general assignment for the ben-efit of his creditors, and that he filed an inventory under oath of his property, and a schedule of all debts to him, verified by his oath; that there was no mention of this land in his in-ventory, and no reference to the debt Mills owed him in the schedule.

Accepting the other facts recited in the petition as true, (be-ing admitted by the demurrer,) they furnish a complete answer to all allegations. They recite the assignment of the note and mortgage for $18,000 by Halsey to Dennistown long before this assignment for the benefit of the creditors is made, and this is all the indebtedness by Mills to Halsey that is described. They recite the sale of this particular quarter-section of land on the Dennistown judgment by the direction and consent of Halsey, and thus the petition shows that the statement made by Halsey both in his inventory and schedule was in exact accordance with the facts recited.

In the brief of counsel for plaintiff in error it is claimed that the action is one to set aside a fraudulent conveyance made by Mills to Halsey of the land described, but there is not a single allegation in the petition which authorizes even an inference that this was the intention of the pleader. On the contrary, the petition distinctly avers that the conveyance was made for the consideration and on the promise of Robert Halsey, to pay the incumbrances and liens on the lands of

Mills in Leavenworth county. If we adopt the theory that the sale to Mills by Halsey, and the assignment of the mortgage by Halsey to Dennistown, the foreclosure by Dennistown, and the subsequent sale of this land to pay the unsatisfied residue of the judgment in the foreclosure action, were but parts and parcels of a general plan to cover up the property of Mills for his benefit or the benefit of his heirs, there is no such statement of facts recited as would authorize a judgment to that effect.

There are many different views that can be taken of the various statements in this petition, and there may be much speculation as to what was intended; but the petition does not state a cause of action against any one or all the defendants in error, but on the contrary it does state that the land which is sought to be subjected to the payment of the demand of the plaintiff in error, Van Vliet, against the estate of Madison Mills, had been sold at a judicial sale long before the commencement of this action. We do not doubt the power of a court of equity to reach the property of a debtor, justly applicable to the payment of his debts, however elaborately it may be covered over with conveyances, decrees or judicial sales, all made and procured to avoid payment of such demands, but the exercise of such a power must first be invoked by the statement of such facts as will constitute a cause of action against all persons who are parties to such a transaction.

There is no view to be taken of this petition wherein it states a cause of action, and with this conclusion there is no necessity for a discussion of other questions raised on the argument. We see no error in the ruling in the district court sustaining the demurrer, and therefore recommend that it be affirmed.

By the Court: It is so ordered.

All the Justices concurring.