[No. 7599.]

AMERICAN BONDING CO. v. RUDOLPH.

1. MORTGAGE FORECLOSURE—*Judgment*—In an action to foreclose a mortgage, judgment may be entered against the mortgagor for the amount of the mortgage debt. The court is not required to defer such judgment until the coming in of the report of sale (Rev. Code, sec. 271).

2. ESTOPPEL—*By Deed*—The parties to an appeal bond are estopped to deny the judgment which it recites, or that it is in law effectual, according to its terms.

*Error to Denver District Court.*—Hon. HARRY C. RIDDLE, Judge.

Messrs. McKNIGHT & HENRY and Mr. MARVIN H. FARRINGTON, for plaintiff in error.

Mr. CHARLES G. CLEMENTS, for defendant in error.

CHIEF JUSTICE CAMPBELL, delivered the opinion of the court:

Action on a surety's bond. There was a judgment for plaintiff, and defendant is here with its writ of error. The plaintiff below, defendant in error here, brought his action in the district court against the Denver and Colorado investment company to foreclose a mortgage on real estate given by the latter to secure its promissory note to him. The findings were for plaintiff, and a decree of foreclosure entered. In the decree there was, in one clause, an ascertainment of the amount due plaintiff on the mortgage debt, and another clause reads: "It is therefore ordered, adjudged and decreed by the court that the plaintiff have and recover from the said defendant the sum of $......., the amount of said mortgage lien, the sum of $........, attorney's fees, and the costs of this suit to be taxed by the clerk of the court, and that unless defendant pays the amount of this judgment and costs within 10 days from the date hereof, a special execution or order of sale will issue hereunder authorizing and directing the sheriff of this county to sell said premises and all right, title and equity of redemption of said defendant therein as required by law, and make report to this court." This clause is the one that is material on this review.

From the judgment and decree then entered the investment company prayed, and was granted, an appeal to the supreme court, and plaintiff in error here, signed the appeal bond as surety for the investment company. This court thereafter affirmed the judgment of the district court in all respects. The appeal bond which was given and upon which the present action was brought, among other things provides that "whereas, the said Herbert Rudolph did, on the 24th day

of January * * * obtain a judgment against the above bounden * * * investment company, for the sum of $920.75 and costs of suit, from which judgment the * * * investment company has prayed for and obtained an appeal to the supreme court, * * * . Now, if the said * * * investment company shall duly prosecute said appeal, and shall moreover pay the amount of said judgment, costs, interest and damages rendered and to be rendered against the * * * investment company, in case said judgment shall be affirmed in the said the supreme court, then the above obligation to be null and void, otherwise remain in full force and effect." ' After the judgment of the district court was affirmed by this court, the mortgaged property was sold and the amount realized from the sale applied upon the judgment rendered. Thereafter, under general executions issued out of the district court, other property of the judgment debtor was sold and the amounts realized from the sale were further so applied. The present action was brought against the principal and surety upon the appeal bond to recover the balance due upon the judgment of the district court, together with costs and damages, after the proceeds of the sales just mentioned had been deducted therefrom. The district court gave judgment against both defendants for the full amount.

It is the contention of plaintiff in error that this appeal bond, although it recites that a personal judgment against defendant in the foreclosure action was rendered by the district court, and that, in case of its affirmance by the supreme court, the obligors shall pay the full amount thereof, nevertheless the instrument should be construed in connection with our statutes in relation to actions for foreclosure of mortgages, which, equitable in their nature, do not contemplate a personal judgment against the defendant, until after sale has been made of the mortgaged premises, and a report made to the court of 'the amount realized; and that then, and not until then, if at all, is a personal judgment rendered against defendant, and, in such case, only for the balance due upon

the ascertained amount after application of the proceeds of the sale thereto have been made. Applying this principle, it is said by plaintiff in error that in the mortgage decree, from which the appeal was taken, no personal judgment could properly be rendered against the defendant, but only an ascertainment of the amount due from the investment company to the plaintiff, and that, although the recitals of the bond are as just stated, they must be so construed as to make the bond mean, in such case as this, in the event of an affirmance by the court of review that no judgment can be rendered against the surety on an appeal bond, except for damages that may be occasioned to the obligee by reason of the delay in enforcing his judgment, which the appeal occasions, and, possibly, for the use and value of the property in the meantime, although counsel concedes that judgment may be awarded against the principal obligor of the bond for the full amount of the balance due on the judgment.

A number of cases from other jurisdictions cited by counsel are said to support his contention. It is not necessary to examine them. They may be right under the local statutes; but, if they are in point at all here upon the general principle involved we decline to follow them. In this jurisdiction both legal and equitable relief may be given in one action, and in one judgment or decree. In actions under our statute, equitable in nature, for the foreclosure of a mortgage, the court may give judgment in the first instance, if the finding is in behalf of plaintiff, and coupled therewith may order a sale of the mortgaged property. If the contention of counsel is right, no personal judgment at all could be rendered against the defendant in a foreclosure proceeding, until after the proceeds of the sale had been applied to the mortgage debt, and then only by further order of the court. We do not think our statute makes that the exclusive practice, though we do not say it might not be followed. The trial court did not exceed its authority in rendering a personal judgment as it did. Aside from this, the bond itself recites that a personal

judgment was rendered against the defendant in the fore-closure suit which an examination of the decree shows to be true.  Even if the general practice alluded to was otherwise, the court, in this particular case, entered a personal judgment against defendant.  The decree expressly so declares.  The bond so recites.  The principal and surety on the bond are estopped by its recitals to say otherwise.  The judgment of the district court was right, and it is          *Affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE GARRIGUES concur.