## No. 10,456.

### HALL *v.* FARMERS BANK OF SEVERANCE.

Decided November 5, 1923.

Action on promissory notes.   Judgment for plaintiff.

### *Affirmed.*

1. BILLS AND NOTES—*Defense—Burden.*  In an action on promissory notes, execution being admitted, the burden is upon defendant to establish the truth of new matter pleaded in defense.

2. *Surety—Liability.*  So far as concerns the holder of a note, the liability of a surety is a primary, as distinguished from a secondary, liability.

3. *Extension of Time of Payment—Effect on Surety.*  One who signs a promissory note as surety, being primarily liable on the instrument, is not released from liability by an extension of the time of payment, even without his consent.

4. *Conditional Delivery—Instruction.*  In an action on a promissory note, defense of conditional delivery held sufficiently presented by instruction.

5. EVIDENCE—*Promissory Note—Parol Agreement.*  In an action on a promissory note, evidence of a parol agreement is admissible only when the alleged agreement is contemporaneous with the delivery of the note.

6. APPEAL AND ERROR—*Abstract—Presumption.*  Where an abstract of record does not purport to contain all of the instructions given by the court, it will be assumed on review that the jury was fully and properly instructed.

*Error to the District Court of Weld County, Hon. Neil F. Graham, Judge.*

Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, for plaintiff in error.

Mr. THOMAS A. NIXON, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE complaint of the plaintiff bank has two causes of action, each on a promissory note, set out *in extenso*, signed by defendant Hall and one Swanson as makers. The answer to both causes of action is the same. It admits the capacity of plaintiff corporation, its ownership of the notes, their execution by defendant, and denies the other averments of the complaint. Included in the answer are two separate affirmative defenses, and a third separate defense and counterclaim, each of which is based upon the same state of facts. One general statement of the facts relied on to defeat the action thus pleaded will suffice.

In December, 1919, the defendant Hall leased to his codefendant Swanson a farm in Weld county. Swanson did not have money to carry on farming operations. For that purpose he borrowed money of the plaintiff bank and gave as security a chattel mortgage on certain chattels, such as farm equipment, machinery, horses, etc., which he purchased with the money borrowed. Plaintiff and Swanson requested defendant Hall to sign the notes as surety for Swanson, which at first Hall refused to do. Thereupon the plaintiff and Hall entered into an agreement to the effect that if the bank would secure, and keep in force, a chattel mortgage from Swanson on all of Swanson's interest in the crops grown upon the farm during the year 1920, to indemnify the defendant for signing the notes as surety, the defendant would, and thereupon did, sign the notes as surety relying upon the indemnity agreement. In June, 1920, these original notes became due and Swanson signed renewal notes in lieu thereof, and, to secure them, gave a new chattel mortgage on the same and, perhaps, other chattels than those included in the prior mortgage. These renewal notes were not signed by the defendant Hall at the time they were made and signed by Swanson, but were signed by Hall thereafter and before maturity, and he signed them as a joint maker, as already stated, but, as he claims, as a surety and in reliance upon the same indemnity agreement. The plaintiff failed to secure and keep in force

a chattel mortgage upon the crops in accordance with the indemnity agreement, and, without the knowledge of the defendant Hall, and without his consent, theretofore, and in May, 1920, had taken a mortgage on Swanson's interest in the crops to secure a separate debt which Swanson owed the bank.  Upon the failure to pay the notes when due, the plaintiff foreclosed this chattel mortgage and applied the proceeds of the foreclosure sale to its separate debt and not upon the notes signed by the defendant as surety for Swanson.  The plaintiff also, without the defendant's consent, extended the time of payment of these joint notes signed by him as surety and which are the subject of the present action.  When the notes became due and payable, plaintiff had in its possession and under its control a large amount of property and money of Swanson, sufficient to pay the surety notes but did not pay them.  On the expiration of the extension, Swanson was insolvent, had disposed of his property and had departed from Colorado.  The consideration for these surety notes was paid by the plaintiff to Swanson and defendant received no value therefor.  In other words, defendant was an accommodation surety only, though he signed as joint maker.  These facts, thus summarized, were pleaded in the answer in separate defenses and by way of counterclaim, as already stated; that is, the same facts were pleaded in different ways or in different forms to meet the exigencies of the proof, and are thus denominated by the defendant in his brief:

1.  Failure of consideration, and thereunder plaintiff's knowledge that the defendant signed the notes as surety to Swanson, the principal maker, and these notes were discharged as to the defendant Hall by a binding agreement which the plaintiff made with Swanson, the principal maker, to extend the time of payment without defendant Hall's knowledge or consent.

2.  Actual fraud on the part of plaintiff in falsely representing to the defendant Hall at the time the renewal notes were signed, that the indemnity agreement, under which the original notes were signed, had been carried out.

3.   Breach of contract in that the bank, instead of taking from Swanson a chattel mortgage on the crops for the defendant's benefit, unlawfully took a chattel mortgage for its own benefit as security for a separate debt which Swanson owed the bank, the value of which crops being sufficient to pay the surety notes.

The pleadings are long.   The evidence is not voluminous. A number of questions are raised and discussed by both counsel that are not material or important upon this review.   Defendant's admission in the answer as to both causes of action, in connection with the notes that were introduced in evidence and which showed their maturity and the balance due, entitled plaintiff to a judgment, unless the facts pleaded in each of the separate defenses were established by a preponderance of the evidence.   The replication denied the new matter in the answer.   The burden of proof, therefore, was upon the defendant to establish by a fair preponderance, the truth of this new matter.   Plaintiff's theory, as set out in its replication, was, and in support of which pertinent evidence was introduced, that the plaintiff bank refused to lend any money to the defendant Swanson as he was not the owner of property and a stranger.   Thereafter, and before the bank advanced any money to Swanson, the defendant Hall, at Swanson's request, went to the bank and told them that he would be responsible for all money that the bank might advance during the year 1920 to the defendant Swanson, as he believed that Swanson was an honest man and he wished him to have the money to carry on the farming operations under the lease which he had given him.   The bank, knowing Hall to be responsible, told him that it would not lend to Swanson, but would advance money upon his, Hall's note, and did not care for a chattel mortgage upon crops or farming implements, but, if defendant Hall desired, it would, and afterwards did, take a chattel mortgage on the farming implements and other personal property, but did not take, or promise to take, a mortgage on the crops of Swanson, who had not then begun planting.

There was testimony tending to support the respective contentions of the parties, at least in part, and we shall assume for the purpose of this opinion only, that the court rightly submitted for the jury's determination the issues upon the controverted facts. We deem it, however, fitting to say that if the questions had been properly saved for a review, and we were required to pass upon them, it is doubtful if we could hold that the answer properly alleged, or the evidence sufficiently established, even assuming that all of the evidence in the defendant's behalf was true, a conditional delivery of the notes in suit. The question, however, is not before us, but as the court assumed, in the absence of objection by the plaintiff, that the pleadings and the evidence required a submission to the jury, we will dispose of the case upon that assumption which is, to say the least, as much as the defendant is entitled to ask.

1. The defendant says that because he was, to the knowledge of the plaintiff, only a surety upon these notes, and as the plaintiff payee, without defendant's knowledge or consent, extended the time of payment, defendant's liability thereon is discharged. In *Drescher v. Fulham,* 11 Colo. App. 62, 52 Pac. 685, the decision was that one who appears on the face of a note as a maker may show by parol evidence that he was in reality a surety, and in such a case an extension of the time of payment may be shown by parol testimony, and, if granted, without the knowledge or consent of the surety, the latter is thereby discharged. This decision was made before the adoption by our General Assembly of the Negotiable Instruments Act in 1897. As it is not necessary, we do not say whether or not the defendant could, under this statute, show by parol evidence that he was a surety. We shall assume for the present purpose only that he may. It is significant, however, that the word "surety" is not found in our Negotiable Instruments Act. Section 192, (C. L. 1921, § 4009), reads: "The person 'primarily' liable on an instrument is the person who by the terms of the instru-

ment is absolutely required to pay the same. All other parties are 'secondarily' liable." So far as concerns the holder of a note, the liability of a surety is a "primary" liability as distinguished from a "secondary" liability, and this is so within the meaning of those terms as employed in our Negotiable Instruments Law. 8 C. J. pp. 73-74; p. 611, § 848. By section 29 of the act an accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such person is liable on the instrument to a holder for value, though the holder, at the time of taking the instrument, knew him to be only an accommodation party. It would seem to follow from this that if the defendant here was a surety, as he claims, that is, an accommodation party lending his name to the codefendant Swanson, he is primarily liable to the holder, though he is merely a surety. The trial court instructed the jury that as the defendant Hall was primarily liable on the instrument, the extension of the time of payment, even without his consent, did not release him from liability. Such are the decisions of the courts under the appropriate sections of our Negotiable Instruments Act, and they could not well be otherwise.

Sections 119 and 120 of this act, (sections 3936, 3937, C. L. 1921), make the surety primarily liable, and one primarily liable thereunder is not released from liability by an extension of the time of payment to the principal maker without the surety's consent. The reasoning of the courts is, since only the person who can be released by a binding agreement extending time, is one "secondarily" liable, and as a surety is not "secondarily," but "primarily," liable, he is not released by such extension. There was no error of the court in this instruction.

2. Assuming with the defendant that it was the duty of the court, under proper instructions, to submit to the jury the issue as to whether or not there was a parol contemporaneous agreement, providing for a chattel mort-

gage as indemnity to the defendant Hall for signing as surety, we are satisfied that the issue was fairly presented to the jury upon an assumed conflict in the testimony. The jury found for the plaintiff. Complaint is made that instruction No. 3 given by the court, which was intended as a statement of what it was necessary for the defendant to prove in order to sustain his defenses, "jumbled" matters applicable to the three several alleged defenses, and that there should have been a separate statement upon each one of these defenses. If that be true, such confusion as may have resulted, the defendant himself is responsible for, because he "jumbled" all of the allegations concerning the same, in each one of the separate defenses by stating and relying upon the same state of facts. However, no confusion resulted from this instruction. It stated, in substance, that the defense of the defendant was that he signed these notes upon the express agreement that the bank would take a chattel mortgage on all the equipment and the growing crops of Swanson, and keep the same in force as an indemnity or security for the defendant Hall, and that it failed to do so. The court then proceeded to say that it was incumbent upon defendant Hall to prove by a preponderance of the evidence the facts thus alleged, and if the jury found from a preponderance of the evidence that these recited allegations had been established, the verdict should be for the defendant; if not, it should be for the plaintiff. We think, in this single instruction, the court embodied for the jury's determination all that is involved under all, or either, of the defenses. Precisely the same facts were relied upon in each defense. If the jury found that the facts alleged in the defense were not established by a preponderance of the evidence, the defendant necessarily failed under each and all of the three defenses. The separate instructions which the defendant tendered to the court, insofar as they were right, were embodied in the instruction which the court gave, and other matter included in the tendered instructions should not have been given.

In the briefs it is not expressly so stated, but it would seem to be the contention of the defendant that harmful error was committed by the court in assuming that the defenses interposed were not good defenses. As we have already stated, there is grave doubt if the defenses, in form or substance, come up to the requirement in such cases, but the defendant certainly can not complain, since the court, perhaps erroneously, assumed the sufficiency of the defenses as pleadings, and also assumed that there was evidence tending to establish them, and so submitted the issues to the jury upon the defendant's own theory.

It is only by reason of section 16 of the Negotiable Instruments Act, (section 3833 C. L. 1921), that a conditional delivery can be shown by a parol contemporaneous agreement to defeat recovery on the notes. This parol agreement must be, not prior to, but contemporaneous with, the delivery. As we read this record, the alleged parol agreement that defendant was to become liable only in the event that the chattel mortgage indemnity was taken, was made some time before the defendant signed and delivered the notes and no such agreement was entered into contemporaneously with the delivery, and delivery was not so conditioned. If this be so, and a correct deduction from the evidence, then parol evidence to show the condition was not admissible at all. But, as we have said, the judgment is upheld upon the findings of fact by the jury, on proper instructions. Defendant has no grievance arising out of any rulings by the trial court.

The abstract of the record affirmatively shows that instructions were given to the jury other than those included therein. We are not presumed to know what they contained, and it may be that they supplied the defects which the defendant claims exist in the instructions complained of. However that may be, as the abstract does not purport to contain all of the instructions that were given by the court, we are entitled to assume that the jury was properly and fully instructed.

Finding no prejudicial error against the defendant, the judgment of the district court is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.