## No. 12,135.

MURRAY *v.* READY.

Decided April 29, 1929.

Mr. A. L. TAYLOR, for plaintiff in error.

Mr. E. H. Stinemeyer, for defendant in error.

*Department Two.*

Mr. Justice Butler delivered the opinion of the court.

Esther F. Murray sued E. J. Ready to recover judgment on the latter's promissory note, and to foreclose a deed of trust given to secure the payment of the note. The trial court sustained a general demurrer to the complaint, and, the plaintiff electing to stand on her complaint, dismissed the action.

In the complaint the plaintiff prays specifically for a personal judgment for the amount due upon the note. Most of the objections that the defendant makes to the complaint go to the plaintiff's right to foreclose. These objections need not be considered at this time, because, as the case must be remanded for further proceedings, such objections may be met by amendment of the complaint and by making the public trustee a party.

The demurrer is a general demurrer. If the allegations of the complaint are sufficient to entitle the plaintiff to a personal judgment upon the note, the demurrer should not have been sustained.

The note and deed of trust were assigned to the plaintiff by the payee of the note by a separate writing duly executed and delivered to the plaintiff, and the complaint alleges that the payee died before she was able to deliver the note to the plaintiff; that plaintiff has been unable to get possession of the note or to "locate" the same; that she is informed and believes, and therefore avers, that the note was stolen from the home of the payee after the assignment to the plaintiff.

1. The defendant contends that the plaintiff is not entitled to recover because the note in suit is not the note that was assigned to her; the note in suit being the note of E. J. Ready, whereas the assignment gives the name of the maker as R. G. Ready. But in all other respects

the assignment accurately describes the note sued upon, and the complaint alleges that the defendant executed the note assigned to the plaintiff and that through an error the name of the maker was incorrectly given in the assignment. This objection is without merit.

2. The fact that, after it became the property of the plaintiff by assignment, the note was lost or stolen, does not bar a suit on the note. The court may, and it should, protect the defendant by requiring the plaintiff, before the entry of judgment (if she is successful in the action), to give an adequate indemnity bond. Such is the procedure in actions on lost notes. *First National Bank of Denver v. Wilder,* 104 Fed. 187, 43 C. C. A. 461; *Steeple v. Max Kuner Co.,* 121 Wash. 47, 208 Pac. 44; 17 R. C. L., pp. 1184, 1194. An instrument that is stolen is lost. *First National Bank v. Brown,* 117 Kan. 339, 230 Pac. 1038, 39 A. L. R. 1242.

3. The plaintiff's right to a personal judgment on the note is not lost by the fact that in the same suit she also seeks a foreclosure of the deed of trust. *American Bonding Co. v. Rudolph,* 53 Colo. 389, 127 Pac. 133.

The judgment is reversed, and the cause is remanded.

Mr. Chief Justice Whitford, Mr. Justice Moore and Mr. Justice Burke concur.