No. 29,193.

S. F. Raines, *Appellee*, v. Frank Hanzlik et al., *Defendants;* The Cleburne State Bank, *Appellant*.

(285 Pac. 637.)

Opinion filed March 8, 1930.

*Alvin R. Springer,* of Manhattan, and *Maurice D. Friedberg,* of Topeka, for the appellant.

*Edward Rooney,* of Topeka, for the appellee.

The opinion of the court was delivered by

Marshall, J.: The plaintiff prosecuted this action against the defendants, including the Cleburne State Bank, to recover on a promissory note given to the defendant Clara B. Irby by the defendants Frank Hanzlik and Mary Hanzlik and assigned by Clara B. Irby to the plaintiff. Judgment was rendered in favor of the plaintiff, and the Cleburne State Bank appeals.

The petition alleged the execution of the note and its assignment to the plaintiff, and also alleged that at the time the note was assigned to the plaintiff it was in the custody of the bank for safekeeping; that upon the bank being informed that the note had been transferred to the plaintiff, the bank pretended that the note was lost and for that reason could not deliver the same to the plaintiff; that afterward the bank found the note but refused to deliver it to the plaintiff, although requested so to do by the plaintiff and by Mrs. Irby; and that the bank attached the note for a debt due to it

from Clara Irby, obtained judgment against her, and sold the note under order of the court to pay the judgment. The written assignment of the note was dated October 26, 1922. The order of attachment was issued on October 26, 1922, and was levied on October 27, 1922.

The answer of the bank alleged:

"That on the 23d day of October, 1922, the defendants, A. W. Irby and Clara B. Irby, were indebted to the answering defendant for moneys loaned the said defendants by the bank, in the sum of about four thousand dollars and some accrued interest. That the credit had been obtained from the bank and the loans had been obtained on the strength of ownership of property as follows: That said A. W. Irby was the owner of a certain quarter section of land which he had used and occupied as his homestead for a number of years. In addition thereto, the said A. W. Irby had purchased and bought and was in control of a certain quarter section of land, farmed by himself and his sons, the homestead quarter section and the second quarter section being encumbered with a mortgage for $4,500, being considerably less than the actual value. The equity in the second quarter of land was considered in part, by the bank, as a basis for credit to the said Irbys. In addition thereto and as a further basis for credit, the bank held in its possession and under its control a certain note secured by a real-estate mortgage, in the 'sum of one thousand dollars, the note and mortgage being the subject of this action, the same being the debt and obligation of Frank Hanzlik to Clara B. Irby. Said note and mortgage had been in the bank for some years prior to and up to and on the 26th day of October, 1922. That A. W. Irby had personally borrowed certain other sums from the bank, in part secured by chattel mortgage.

"That the said loans of four thousand dollars had been obtained by the Irbys from the defendant bank, on the financial strength and credit of the ownership of the real estate mentioned herein and the note and real-estate mortgage mentioned herein."

The evidence disclosed that Clara B. Irby and the wife of the plaintiff were sisters; that Mrs. Irby became indebted to the plaintiff and his wife in 1915 in the sum of $750, evidenced by a note bearing six per cent interest; that at some time prior to October 26, 1922, it was agreed that Mrs. Irby should pay this indebtedness by assigning the note in controversy and the mortgage given to secure it to the plaintiff; that the value then placed on the note was the sum of $1,040; that on October 26, 1922, the plaintiff gave to Mrs. Irby a check for $290, the difference between the value placed on the note and the amount of the indebtedness from Mrs. Irby to the plaintiff; and that the note and mortgage were not then turned over to the plaintiff by Mrs. Irby for the reason that they were in the bank.

The evidence was submitted to a jury, which answered special questions as follows:

"1. When did the officers of the defendant bank first have notice or knowledge of the execution of the assignment in question with reference to the time of the levy of the attachment? A. Morning of October 26, 1922.

"2. Did the officers of the defendant bank receive actual notice or acquire knowledge of the assignment of the Hanzlik note and mortgage before the date of its being filed for record in the office of the register of deeds of Riley county, Kansas? A. Yes.

"3. If you answer the last foregoing question in the affirmative, then state the exact time and from whom such notice was received or such knowledge imparted. A. From Mrs. Clara B. Irby, the morning of October 26, 1922.

"4. Did Mrs. Irby, on October 26, 1922, demand from the defendant bank the note and mortgage in question? A. Yes.

"5. If you answer the last foregoing question in the affirmative, did she at that time state for what purpose she desired it? A. Yes.

"6. If you answer the last foregoing question in the affirmative, then state what she told the officers of the bank. A. Mrs. Irby told the officers of the bank that she had sold the note and wanted to assign the note and mortgage to Mr. Raines.

"7. If you answer question No. 4 in the affirmative, then state whether the bank or its officers had such note and mortgage in their possession at the time. A. Yes.

"8. If you answer question No. 7 in the affirmative, then state why the officers of said bank did not deliver said note and mortgage to Mrs. Irby at the time. A. To prevent Mrs. Irby from delivering note and mortgage to Mr. Raines."

1. We quote from the brief of the appellant as follows:

"The bank based its claim upon the fact that the transfer of the note and mortgage to the appellee was *prima facie* void under the statute of frauds."

The appellant cites section 33-103 of the Revised Statutes, which reads:

"Every sale or conveyance of personal property unaccompanied by an actual and continued change of possession shall be deemed to be void as against purchasers without notice and existing or subsequent creditors, until it is shown that such sale was made in good faith and upon sufficient consideration. This section shall not interfere with the provisions of law relating to chattel mortgages."

The note was assigned on October 26, 1922, and would have been placed in the hands of the plaintiff on that day but for the failure of the bank to turn over the note when requested so to do. Everything was done that could be done by Mrs. Irby and the plaintiff to place the note in the possession of the latter. The bank prevented that being done. It cannot now urge that it was not done.

The facts alleged in the answer did not show any fraud practiced by Clara B. Irby on the bank. The bank had possession of the note, but according to the answer it did not have any lien or any right to retain that possession against the desire of Mrs. Irby. The bank may have extended credit to her on the strength of her ownership of the note, but credit on the strength of ownership of property does not prevent the owner from transferring the property. Such a transfer can be made without any fraud on a creditor unless the transfer is made for the purpose of hindering, delaying or defrauding the creditor in the collection of the debt. There is nothing in the answer that says or amounts to an allegation that the note was transferred for the purpose of hindering, delaying or defrauding the bank in the collection of its debt.

In *Van Vliet v. Halsey,* 37 Kan. 116, 14 Pac. 482, this court said:

"Real property, conveyed before judgment, cannot be subjected to the payment of such judgment, unless, in an action brought for the purpose, it is alleged and proved that it was conveyed with intent to prevent the judgment being enforced against it."

Bearing somewhat on this question, although not directly in point, are *L. L. & G. Rld. Co. v. Comm'rs of Douglas Co.,* 18 Kan. 169; *Lewis v. Burnham,* 41 Kan. 546, 550, 21 Pac. 572; *Gleason v. Wilson,* 48 Kan. 500, 29 Pac. 698; *In re Johnson,* 92 Kan. 59, 62, 139 Pac. 1161.

2. The bank contends, "that the district court of Riley county had acquired jurisdiction of the subject matter of the suit before the assignment became effective, if it ever was valid." The attachment was levied on the note after the bank had notice that the note had been transferred by Mrs. Irby to the plaintiff. All the rights of Mrs. Irby in and to the note had been transferred to the plaintiff before the attachment was levied. That transfer was good unless it was made with the intent to hinder, delay and defraud the bank in the collection of its debt. The transfer would have been good in the absence of a fraudulent intent on the part of Mrs. Irby, even if the bank had not received any notice of the transfer before the attachment was levied. (*N. W. Forwarding Co. v. Mahaffey, Slutz & Co.,* 36 Kan. 152, 12 Pac. 705; *Bank v. Fleming,* 63 Kan. 139, 141, 65 Pac. 213; *Julian v. Oil Co.,* 83 Kan. 440, 111 Pac. 445; *Fairbanks, Morse & Co. v. Inglitt,* 106 Kan. 488, 188 Pac. 248; *Bailey v. Pierce,* 123 Kan. 359, 255 Pac. 37.)

The judgment is affirmed.