MARYLAND TRUST COMPANY

*v.*

I. N. GREGORY

(No. 9798)

Submitted April 16, 1946. Decided May 21, 1946.

36

*Wolverton & Callaghan,* for plaintiff in error.

*Charles C. Scott* and *Wendell W. Hoover,* for defendant in error.

RILEY, JUDGE:

Maryland Trust Company, a corporation, instituted a civil action on a promissory note against I. N. Gregory before a justice of the peace of Webster County. Upon a judgment for plaintiff, defendant appealed to the Circuit Court of Webster County, where a trial, had at the May, 1943, term of court, resulted in a jury disagreement. When the case was called for a second trial at the September, 1945, term of court, defendant, for the first time,

suggested that the note had been assigned *pendente lite* by plaintiff, Maryland Trust Company, to one C. E. Lawhead. Thereupon, the circuit court dismissed the case without granting the plaintiff an opportunity for revival. To the order of dismissal, plaintiff prosecutes this writ of error.

The note in litigation is dated May 14, 1931, payable four months after date for the sum of seven hundred dollars. It was made and signed by defendant, I. N. Gregory, and others, and was payable to the order of "The Citizens Bank". The note recites that it is "NEGOTIABLE AND PAYABLE WITHOUT OFFSET AT THE CITIZENS BANK". The Citizens Bank delivered the note to Maryland Trust Company to secure certain notes, to which were attached concomitant collateral agreements, which provided, among other things, that "Any and all of said collateral may be held at any time by the holder hereof and treated as security for any and all of said obligations. The holder hereof is authorized to use, transfer, hypothecate or rehypothecate any or all of said collateral; * * *." The note is indorsed by the payee with the stamp "PAY ANY BANK OR BANKER, or order THE CITIZEN BANK 69-356 Richwood, W. Va. L. French Herold, Cashier". The Maryland Trust Company indorsed the note with the stamp, "FOR COLLECTION ONLY SEP 9, 1931 PAY TO THE ORDER OF ANY BANK OR BANKER PRIOR ENDORSEMENT GUARANTEED MARYLAND TRUST COMPANY, BALTIMORE, MD. JERVIS SPENCER, jr., Treasurer". From the date of the indorsement on September 9, 1931, until the alleged assignment to Lawhead on December 16, 1942, the trust company owned and held the note, and payments were indorsed thereon on November 17, 1933, and at various dates to and including December 9, 1941. During the pendency of the action in the circuit court, and while the note was filed in the clerk's office, Maryland Trust Company, on December 16, 1942, assigned to Lawhead, for a valuable consideration, a number of obligations, including the obligation repre-

sented by the note in litigation, but the note was never indorsed or delivered to said Lawhead.

When defendant's appeal was ready for the second trial, the circuit court, on September 17, 1945, dismissed the case upon defendant's motion, on the ground that the obligation had been assigned by Maryland Trust Company to Lawhead. This was the first term at which the purported assignment had been suggested on the record.

Plaintiff assigns as error the refusal of the trial court to permit the assignee *pendente lite* to prosecute the action in the name of the original plaintiff, and the dismissal of the action with no right of the assignee to revive in his own name. This assignment of error raises two questions: (1) May the assignee, C. E. Lawhead, prosecute the action upon the note in the name of the original plaintiff, Maryland Trust Company; and (2) if he cannot, must the case be dismissed with no right to revive the action in his own name?

The note, being payable "To The Order of" The Citizens Bank, was negotiable in its origin. Code, 46-1-1. Such an instrument "continues to be negotiable until it had been restrictively indorsed or discharged by payment or otherwise." Code, 46-3-17. The indorsement of The Citizens Bank containing, as it does, the words "or order" did not serve to alter the negotiability of the note, and the fact that the note was hypothecated with the Maryland Trust Company to secure a loan with a concomitant collateral agreement did not render it non-negotiable. Code, 46-1-5(a). But the indorsement of the Maryland Trust Company of the note "FOR COLLECTION" was a restrictive indorsement within the meaning of Code, 46-3-7. *Curl v. Ingram,* 121 W. Va. 763, 6 S. E. 2d 483. That indorsement barred any further negotiation of the note, and vested title in the indorsee for the use of The Citizens Bank. 8 Am. Jur., Subject, Bills and Notes, Section 324; Beutal, Brannan's Negotiable Instruments Law, Sixth Edition, 490 to 492, inclusive; 22 Harvard Law Review, 150; *Peoples Bank v. Jefferson County Sav-*

*ing Bank,* 106 Ala. 524, 17 So. 728, *National Bank of Commerce v. Bossemeyer,* 101 Neb. 96, 162 N. W. 503. But not withstanding the restrictive indorsement, Maryland Trust Company, under the provisions of the collateral agreements attached to the notes of The Citizens Bank, had the right to sell the Gregory note to Lawhead. The holder of a negotiable instrument may strike or waive any indorsement which is not necessary to his title. Code, 46-3-18; *Fink v. Scott,* 105 W. Va. 523, 143 S. E. 305; 8 Am. Jur., Bills and Notes, Section 351. The trust company did the latter.

Though very little authority is available, it has been held that the sale or negotiation for value of commercial paper, after it has been indorsed by the holder, with a restrictive indorsement, is a waiver of the restriction so as to entitle the purchaser to recover thereon as a holder in due course. *Continental National Bank & Trust Co. v. Stirling,* 65 Ida. 123, 140 P. 2d 230, 149 A. L. R. 314, and cases cited in the A. L. R. annotation on pages 318 to 320, inclusive.

Of course, the instant note, being past due at the time of assignment, was not held by Lawhead as a holder in due course. Code, 46-4-2. Nevertheless he was an assignee for value. *Eo instante,* with the assignment, plaintiff lost title to the note, and thereupon this action abated. Under Code, 46-1-19, the transfer of the note for value without indorsement or delivery vested Lawhead with the title to the note, subject to any existing equities against the transferor. *Furbee v. Furbee,* 117 W. Va. 722, 188 S. E. 123. And the fact that the note was lodged in the circuit clerk's office at the time of transfer did not affect the transfer. *Watson v. Goldstein,* 176 Minn. 18, 222 N. W. 509; *Kent v. Kent,* 6 Cal. App. 2d 488, 44 P. 2d 445; *Murray v. Ready,* 85 Colo. 544, 277 P. 298; *Raines v. Hanzlik,* 130 Kan. 182, 285 P. 637. See generally Beutel, Brannan's Negotiable Instruments Law, Sixth Edition, 523, 524.

Were it not for the operation of the statute of limitations, Lawhead could have maintained an action on the note under Code, 46-3-19; but said assignee was not a party to this action. The only remedy available to him now is to effect a revivor as provided by Code, 56-8-5, 8. Such right, under the decision of this Court in the recent case of *Odland v. Hamrick*, 127 W. Va. 206, 32 S. E. 2d 629, may be asserted at or before the second term next after the entry of the mandate of this Court.

For these reasons we think the trial court erred in dismissing the action. Therefore, the judgment is reversed and the case remanded to the circuit court with directions to give the assignee, Lawhead, the opportunity to revive and prosecute the action in his own name, provided the revivor is had not later than the second term after entry of the mandate of this Court.

*Reversed and remanded with directions.*