No. 20499.

FOOTHILLS HOLDING CORP., ET AL., *v.* TULSA RIG, REEL
AND MANUFACTURING COMPANY.
(393 P.2d 749)

Decided July 6, 1964.

Mr. ALFRED L. CAPRA, for plaintiff in error Foothills
Holding Corp.;

Mr. ROBERT W. CADDES, for plaintiff in error Kenneth H. Gantenbein.

Messrs. HOLME, ROBERTS, MORE & OWEN, Mr. RICHARD L. SCHREPFERMAN, Mr. DONALD K. BAIN, for defendant in error Tulsa Rig, Reel and Manufacturing Company.

*In Department.*

Opinion by MR. JUSTICE DAY.

WE will refer to plaintiffs in error as Foothills and Gantenbein and to the defendant in error as Tulsa.

The latter filed three separate complaints in the Jefferson County District Court against Foothills and Gantenbein. Each action alleged the execution and delivery of a promissory note by Foothills and Gantenbein to Tulsa, each secured by a deed of trust executed by Foothills. The respective complaints alleged default in the obligations and that Foothills and Gantenbein jointly and severally owed Tulsa the unpaid amount plus interest, costs and attorney's fees, all as provided for in the note.

Relief requested in each case was identical: (a) Complete adjudication of the rights of all parties to the action; (b) judgment against defendants Foothills and Gantenbein jointly and severally for the unpaid principal indebtedness under the note plus accrued interest, attorney fees as provided, and for costs; (c) an order for the sale of the real property described in the deed of trust to be applied in satisfaction of the outstanding indebtedness and (d) for judgment against Foothills and Gantenbein jointly and severally for the deficiency, if any, which may exist after application of the proceeds of the sale. Both Foothills and Gantenbein were served with summons and complaint in each action, but neither appeared. Tulsa filed a motion for default judgment and decree of foreclosure. The court entered judgment in each case against Foothills and Gantenbein jointly

and severally for the amounts prayed for in the complaint and decreed foreclosure as to the property.

Approximately a month and a half after the default judgments Foothills and Gantenbein filed a motion in each case "to vacate and set aside default judgment." The grounds set forth in the motions were that the default judgments were different in kind and exceeded the amount prayed for in plaintiff's complaint in violation of Rule 54 (c) of the Colorado Rules of Civil Procedure, and that a personal judgment could not be entered against either the corporation or Gantenbein individually until foreclosure had been completed and the amount of the deficiency, if any, ascertained. The motions were denied and rehearing dispensed with.

Foothills appears here by a Receiver who was appointed after the civil complaints involved were filed in the trial court. All three civil actions have been consolidated in this court on writ of error.

The Receiver in his brief states that he appears as plaintiff in error "only in his duty properly to protect any interests of creditors which may arise as a result of the final decision in the matters here at bar." He requested permission to and did adopt the arguments advanced by Gantenbein insofar as they may be applicable to Foothills. The contention of both the Receiver and Gantenbein in summary is that the judgments were in excess of and different from the relief prayed for by Tulsa in that the judgments on the debts could not be entered prior to a specific determination of deficiency after sale of the security.

Gantenbein for himself asserts that he signed the promissory notes as an accommodation party or guarantor and that his personal liability arises only when and if sale of the property does not fully satisfy the indebtedness.

The arguments advanced here by Foothills and Gantenbein are without merit. For many years it has been the law in this state that the holder of a note

secured by deed of trust has two remedies: 1. A suit on the debt evidenced by the promissory notes and 2. a specific action against the particular property which has been given as security for the payment of the debt. Upon failure to discharge the obligation, these remedies may be pursued concurrently or consecutively. *American Bonding Co. v. Rudolph,* 53 Colo. 389, 127 Pac. 133; *Folda Real Estate Co. v. Jacobsen,* 75 Colo 16, 223 Pac. 748; *Murray v. Ready,* 85 Colo. 544, 277 Pac. 298; *Greene v. Wilson,* 90 Colo. 562, 11 P.2d 225; 59 C.J.S. (Mortgages) § 485; 337 Am. Jur. (Mortgages) § 521.

 In the American Bonding Company case, the earliest of the decisions, this court said:

" * * * In this jurisdiction both legal and equitable relief may be given in one action, and in one judgment or decree. In actions under our statute, equitable in nature, for the foreclosure of a mortgage, the court may give judgment in the first instance, if the finding is in behalf of plaintiff, and coupled therewith may order a sale of the mortgaged property. If the contention of counsel is right, no personal judgment at all could be rendered against the defendant in a foreclosure proceeding, until after the proceeds of the sale had been applied to the mortgage debt, and then only by further order of the court. We do not think our statute makes that the exclusive practice, though we do not say it might not be followed. The trial court *did not exceed its authority in rendering a personal judgment as it did. * * * "* (Emphasis supplied.)

In the Folda Real Estate Co. case (supra) is this statement:

"* * * From time immemorial it has been the right of a mortgagee to sue on the note alone, to sue for foreclosure alone, or to join these proceedings in one. 27 Cyc. 1515. * * * "

In the Greene case (supra) this court held:

" * * * In this state a mortgagee of land may sue on

the note alone, or sue to foreclose alone, or join both proceedings in one. * * * "

Accordingly, the default judgments were not void as claimed by Foothills and Gantenbein, and the court properly denied their motions to vacate the same.

■ Gantenbein's separate argument that, as an accommodation party, he is only secondarily liable on the notes, and then only if the property is insufficient to discharge the obligation, is not the law. *Hall v. Farmers Bank,* 74 Colo. 165, 220 Pac. 237, is a complete refutation of Gantenbein's position. Therein the court in construing the negotiable instruments law said:

" * * * By section 29 of the act [now C.R.S. '53, 95-1-29] an accommodation party is one who has signed the instrument as *maker,* drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such person is liable on the instrument to a holder for value, though the holder, at the time of taking the instrument, knew him to be only an accommodation party. It would seem to follow from this that if the defendant here was a surety, as he claims, that is, an accommodation party lending his name to the codefendant Swanson, he is primarily *liable to the holder,* though he is merely a surety. * * * " (Emphasis supplied.)

See also *Winton v. Sullivan,* 104 Colo. 450, 91 P.2d 996.

The promissory notes show Gantenbein as a co-maker. His signature reads "Kenneth H. Gantenbein, Individually." The notes state that he as an individual is jointly and severally liable although he also signed the notes as "President" of Foothills Holding Corp.

The judgment is affirmed.

MR. JUSTICE HALL and MR. JUSTICE PRINGLE concur.