RINK–A–DINKS, a Colorado corporation, and Leroy Reichardt, Plaintiffs-Appellants.

v.

TNT MOTORCYCLES, INC., Thomas G. Clark, James P. Harris, and Pearl Harris, Defendants and Third-Party Plaintiffs,

v.

JEFFERSON BANK AND TRUST COMPANY, Third-Party Defendant and Fourth-Party Plaintiff-Appellee,

v.

Phyllis REICHARDT, Fourth-Party Defendant-Appellant.

No. 82CA0461.

Colorado Court of Appeals, Div. I.

Oct. 21, 1982.

Rehearing Denied Nov. 26, 1982.

Shoemaker, Wham, Krisor & Bendelow, Edward M. Bendelow, Susan E. Burch, Denver, for plaintiffs-appellants and fourth-party defendant-appellant.

McMartin, Burke, Loser & Fitzgerald, P.C., John E. Hayes, Englewood, for third-party defendant and fourth-party plaintiff-appellee.

ENOCH, Chief Judge.

Plaintiffs, Leroy Reichardt and Rink-A-Dinks, and fourth-party defendant, Phyllis Reichardt, seek reversal of the trial court's entry of summary judgment on two promissory notes, one for $100,000 and one for $20,000, in favor of third-party defendant, Jefferson Bank and Trust Company (Bank). We affirm.

On November 30, 1977, Rink-A-Dinks, its president Leroy Reichardt, and its secretary Phyllis Reichardt, executed the promissory note for $100,000 to the Bank. This note, signed by the Reichardts in their corporate and individual capacities, was secured by Rink-A-Dinks' equipment, inventory, and accounts receivable, and by a second deed of trust on the Reichardts' residence.

On December 18, 1978, the maturity date of this note, Rink-A-Dinks contracted with defendants Clark and the Harrises, officers of TNT Motors, Inc., for the purchase and sale of Rink-A-Dinks. Under the purchase agreement, TNT assumed the outstanding obligation on the note. Thus, at the closing on the sale on January 8, 1979, Clark and James Harris signed the original $100,000 note in both their individual and corporate capacities. At that time an extension agreement, whereby the maturity date of the note was extended to December 18, 1979, was executed by the Reichardts, the Harrises, and Clark, individually and in their corporate capacities. After payments on the note went into default on September 24, 1979, the Bank began foreclosure proceedings against the Reichardts' home.

In the litigation which followed, plaintiffs, Leroy Reichardt and Rink-A-Dinks, and third-party defendant Bank, filed motions for summary judgment. Granting the Bank's motion, the court entered summary judgment in favor of the Bank, and against the Reichardts and Rink-A-Dinks. This appeal followed.

■ The Reichardts' contention is that on the original note they are accommodation parties as defined by § 4-3-415, C.R.S.1973, rather than makers, and that the trial court erred in granting the Bank's motion for summary judgment because a genuine issue of material fact existed as to their status. We do not agree. The Reichardts do not contend that the extension agreement altered their status on this note.

On the right side of the $100,000 note there are two lines designated "Maker's Signature." The name Rink-A-Dinks was typed above those lines and the Reichardts signed underneath the name, Rink-A-Dinks, in their respective corporate capacities. To the left are two other lines captioned "INDIVIDUALLY BY:" where the Reichardts signed their individual names, without any limitation or qualification.

■ Where parties sign a note as individuals, as they did here, without any qualifying designations, they are individually liable

as makers. *See Foothills Holding Corp. v. Tulsa Rig, Reel & Manufacturing Co.,* 155 Colo. 232, 393 P.2d 749 (1964); *East Tincup, Inc. v. Asphalt Paving Co.,* 28 Colo.App. 6, 470 P.2d 58 (1970); § 4–3–403(2)(b), C.R.S. 1973. Because no ambiguity exists concerning the Reichardts' status as makers on this note, the trial court was correct in entering summary judgment in favor of the Bank.

The second note, for $20,000, was also executed by the Reichardts individually and for Rink-A-Dinks, in favor of the Bank. This note was not assumed by Clark and the Harrises, and, apparently, was not involved in the sale of the business to TNT Motors, Inc. We likewise find no error in the court's granting of summary judgment on this note, particularly because on this note the Reichardts signed as individuals on the lines marked "Maker's Signature."

The remaining contentions of error are without merit.

Judgment affirmed.

PIERCE and KELLY, JJ., concur.