# CHARLESTON.

## LOUIS J. FINK *v.* E. CLYDE SCOTT

### (No. 6150)

### Submitted May 1, 1928.   Decided May 8, 1928.

1. JUDGMENT—*Notice of Motion for Judgment Setting Out Note in Full, Accompanied by Account and Affidavit Showing Exact Amount Due at Time Thereof, Satisfies Statute, Although Exact Amount for Which Judgment Will be Asked is Not Specified (Code, c. 121, § 6).*

   In a proceeding upon notice of motion for judgment to recover the face amount of a certain negotiable promissory note, together with accrued interest, a notice setting out the note in full, and accompanied by an account and the statutory affidavit, both of which show the exact amount due at the time of the making of said affidavit, satisfies the requirement of section 6, Chapter 121, Code, although the notice itself does not specify the exact amount for which judgment will be asked.   (p. 523.)

   (Judgments, 34 C. J. § 428.)

2. BILLS AND NOTES—*Possession of Negotiable Note by One Other Than Payee Without Proper Endorsement Does Not Show Ownership.*

   Mere possession of a negotiable note by a person other than the payee to whose order the note was payable, without a proper endorsement of such payee thereon, does not show ownership in such person.   (p. 524.)

   (Bills and Notes, 8 C. J. § 1310.)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Raleigh County.

Proceeding by Louis J. Fink against E. Clyde Scott by notice of motion for judgment on a note.   Judgment for plaintiff, and defendant brings error.

*Judgment reversed; verdict set aside; new trial awarded.*

*C. M. Ward* and *Carl C. Sanders,* for plaintiff in error.
*D. D. Ashworth,* for defendant in error.

WOODS, JUDGE:

This is a notice of motion for judgment by the holder of a negotiable promissory note against the maker thereof. Upon a judgment of the circuit court of Raleigh county for plaintiff, defendant brings error.

The note was made to "Lyda & Ridinger" and on the back thereof contains the following endorsements: "Lyda & Ridinger, by C. F. Lyda", and below, "C. F. Lyda". The notice, which fully describes the note, was accompanied by a statement of account and the statutory form of affidavit. Defendant filed his counter affidavit, denying that there is any sum due from him to plaintiff, and was also permitted, over objection, to file two special pleas, duly sworn to, the second of which denied plaintiff as owner of said note and averred that the same had not been endorsed and transferred to him by any authority whatever. A plea of non-assumpsit was also interposed. Plaintiff replied generally.

Plaintiff was the only witness introduced. He stated in effect that he had examined the note; that he was the owner thereof; that he had purchased the same for value before maturity; and that he had no notice of any infirmity or defect in the same at the time he purchased it. This, together with the introduction of the note itself, was all the evidence taken on the trial. Each of the parties moved the court to direct a verdict in their favor. The court overruled both motions, and thereupon the defendant demurred to the plaintiff's evidence, on which demurrer, upon the verdict of the jury, the court rendered judgment for the plaintiff.

It is contended that the notice is insufficient in this, that it does not set out the amount for which judgment will be asked. While this is true, the notice does set out in full the note declared on, and to such notice was attached a statement of account and an affidavit in which the exact amount due on said note was shown. This is sufficient. *Anderson* v. *Prince,* 60 W. Va. 557.

It is maintained that the second plea puts in issue the question of the plaintiff's title to the note sued on. Ordinarily without the plea of *non est factum* or *its equivalent* putting in issue the *validity* of the instrument sued on, possession thereof,

and the offer of it in evidence, constitutes *prima facie* evidence
that the plaintiff is the holder in due course without notice
of anything impeaching its validity. *Bank* v. *Bank,* 99 W. Va.
544. The common law rule requiring proof of signature of the
maker remains unaltered by Chapter 125, Section 40, Code.
It dispenses with such proof only where the declaration or
other pleading alleges that "any person made, endorsed, as-
signed or accepted the writing in controversy, and the fact
averred is not denied by an affidavit filed with the plea which
puts it in issue." The statute applies only where there is a
pleading, not traversed, expressly averring the due execution
of the instrument sought to be enforced against the apparent
maker. *Williams* v. *Insurance Company,* 75 W. Va. 502;
*Kelly* v. *Paul,* 3 Grat. 191; *Shepherd* v. *Fry,* 3 Grat. 442. In
the instant case, however, while there is no formal plea deny-
ing the handwriting, there is a verified plea denying the title
of the plaintiff to the note sued on, and "that said note has
not been endorsed and transferred to said Louis J. Fink by
any authority whatever." The handwriting of Lyda is not
questioned, but the authority for his action is. The note in
question is made payable to the order of "Lyda & Ridinger",
and bears the endorsement "Lyda & Ridinger, by C. F. Lyda"
and also that of "C. F. Lyda".

Mere possession by a third person of an unindorsed
negotiable instrument, payable to the order of the payee
therein named, is not even *prima facie* evidence of legal title
in the holder as such payee. *Bausman* v. *Kelley,* 38 Minn.
197. If the endorsement "Lyda & Ridinger, by C. F. Lyda"
is not sufficient upon its face to show a proper endorsement
of the payee, the plaintiff's title is defective on its face.
Our negotiable instrument law provides that the holder of
an instrument may at any time strike out any endorsement
not necessary to his title. 3 R. C. L. 984. But the endorse-
ment of the payee is necessary to the plaintiff's title in
this case. The whole endorsement hinges on the authority
of C. F. Lyda. It may be said that there is a presumption
of partnership by the use of the two names joined by the
character "&". Of course any member of a trading firm
has implied authority to transfer paper payable to the
firm's order by endorsement in the firm's name. 30 Cyc. 512.

But there is nothing in the pleading or the face of the paper to indicate that C. F. Lyda was a member of such firm. Hence, this latter doctrine cannot be invoked here. Again it is urged that the payee might be presumed to consist of two separate individuals. In such case where they are not partners, both must endorse unless the one has authority to endorse for the others. Chapter 98-A, section 41, Code. No authority is shown here. And it is not even shown that C. F. Lyda is the "Lyda" mentioned on the face of the note. The authorities hold almost without exception, that, where a note is made payable to two or more payees, an endorsement of each of the payees is necessary for a bona fide transfer of the paper by endorsement. Of course, as we have said, a different rule prevails where the payees are partners. The mere fact, however, that a note has been made to two or more parties jointly will not raise the presumption of a partnership existing between them. *Kaufman* v. *Bank,* 151 Mich, 65, 18 L. R. A. (N. S.) 630. So under either theory advanced here, it cannot be said that the indorsement on its face is sufficient to transfer the title of the payee to the transferee. Moreover, section 21 of our Negotiable Instrument Act, says that: "A signature by 'procuration' operates as a notice that the agent has but a limited authority to sign, and the principal is bound only in case the agent in so signing acted within the actual scope of his authority." The word "procuration" as therein used, and as defined by law lexicographers, means "the act by which a principal gives power to another to act in his place as he could himself"; and Mr. Anderson, in his Law Dictionary, defines it "as acting as agent for another; agency; proxy". The endorsement of the payees named in the note in the instant case was by "procuration"—by another.

This leads us to the next question as to the burden of proof. The validity of the endorsement is challenged by verified plea. In such case, we have held that proof of the execution and negotiation of the notes was essential to their enforceability. *Williams* v. *Insurance Company, supra.* In the absence of a special statute requiring a sworn plea, a denial of the endorsement is generally held sufficient to put in issue the title of an endorsee or assignee. *Berry* v. *Barton,* 12 Okla. 221, 66 L. R. A. 512, and note. By virtue of the sworn plea here the bur-

den was placed upon the plaintiff to show title. As proof evidently is available to show either the existence or non-existence of the essential facts and circumstances requisite for the establishment of the endorsement of the note in controversy, and to the end that justice may be promoted, we reverse the judgment appealed from and award the defendant a new trial. *Laas* v. *Lubic,* 101 W. Va. 546.

*Judgment reversed; verdict set aside; new trial awarded.*