## Staunton.

### CITIZENS BANK AND TRUST COMPANY v. ROLAND E. CHASE.

September 20, 1928.

The opinion states the case.

*Roy H. Buler, Jno. M. Skeen* and *S. H. & Geo. C. Sutherland,* for the plaintiff in error.

*C. R. McCoy,* for the defendant in error.

PRENTIS, C. J., delivered the opinion of the court.

Roland E. Chase, hereinafter called the defendant, executed his note, dated March 6, 1919, due January 1, 1920, for the sum of $2,622.00, payable to the order of his brother, Emery B. Chase, at the Dickenson County Bank, Incorporated, at Clintwood, Virginia. The note provided that it should bear interest at the rate of six per cent per annum after maturity. After this note matured, Emery B. Chase, the payee, on May 15, 1920, by mere delivery, without endorsement, pledged it as collateral security to the Farmers Bank of Tate,

Tennessee, for $50.00. This $50.00 note was renewed from time to time, and finally on September 7, 1921, the overdue $2,622.00 note of the defendant was pledged by Emery B. Chase, without endorsement, as collateral security for his note for $100.00. That note reads:

"$100.00          Tate, Tenn., September 7, 1921.

"Ninety days after date, . . . . promise to pay to the order of Farmers Bank, of Tate, Tenn., one hundred dollars, at the Farmers Bank, of Tate, Tenn., for value received.

"The undersigned principal and the endorsers of this note which is filled up before signing, waive demand, notice and protest thereof, and we agree that if this note is placed in the hands of an attorney at law for collection or has to be sued on, that we will pay ten per cent attorney's fee in addition to the principal, which fee shall be added to and become part of the judgment.

"We have deposited with said bank as collateral surety for the payment of this note the following securities: Note, Roland E. Chase, due January 1, 1920.

"If we fail to pay this note at maturity any officer of said bank is fully authorized to sell said collateral after five days written notice, at the said bank's counter to the highest bidder for cash and apply to payment of costs, attorney's fees and said note, and the balance, if any, to us."

Emery B. Chase, the payee, has never since then endorsed Roland E. Chase's overdue note of $2,622.00 which he thus pledged as security for his note of $100.00. The $100.00 note of Emery B. Chase was not paid, and the Farmers Bank, in August, 1922, consolidated with the Citizens Bank and Trust Com-

pany, the plaintiff in this action, whereby the Citizens Bank and Trust Company succeeded to all of the rights of the Farmers Bank of Tate, Tennessee.

The defendant (whether with or without knowledge that his note had been so pledged as collateral is immaterial, as will hereafter appear), thereafter satisfied his debt to his brother evidenced by this note, but did not take it up. It is probable that he knew at the time that his brother had pledged it to secure this $100.00. Emery B. Chase thereafter became further indebted to the plaintiff bank, and, having left the State of Tennessee, the defendant's note for $2,622.00 was attached by the bank and sold as the property of Emery B. Chase for the payment of his other debts to the bank, by proceedings in the Chancery Court of Grainger county, Tennessee. The pleadings in that suit show that the bank did not then claim to own the defendant's note, but merely had possession of it as pledgee to secure the payment of the $100.00 due by Emery B. Chase. As has been stated, it was attached as the property of Emery B. Chase subject to this pledge, but it also appears that at the time the attachment was levied he had no interest in the collateral note for $2,622.00. At that sale under the attachment proceedings, it appears that the purchaser was one J. E. Williams. He was at that time president of the plaintiff bank, but the orders of court show that he, Williams, was the purchaser. He became thereby vested with the rights of Emery B. Chase, but with no greater rights, and with the right of the bank, or pledgee, only. Before this note was so sold, both Emery B. Chase and the defendant, Roland E. Chase, offered to pay the plaintiff bank the $100.00 debt for which the defendant's note had been pledged. This offer, while not a legal tender, was apparently made in good faith,

and declined by the plaintiff bank only because it proposed to attach and attempt to subject the note to other debts of Emery B. Chase. Then this action was instituted by the plaintiff bank against Roland E. Chase on his note for $2,622.00.

■ There is no evidence that the plaintiff bank ever acquired any title to the note by endorsement or transfer from J. E. Williams, the purchaser in the attachment proceeding, and perhaps this opinion might stop here with the statement that for this reason the verdict and judgment in favor of the defendant are plainly right. In view of the other issues presented to the trial court, however, and out of respect to the argument of counsel, we will go further.

The plaintiff in error here, the bank, claims as owner of the defendant's note, and seems to rely with perfect confidence upon the case of *Davis* v. *Miller*, 14 Gratt. (55 Va.) 1, and particularly upon this statement there made: "A note does not cease to be negotiable because it is overdue. The promisee by his endorsement may give good title to the endorsee. Notes or other matters of set-off acquired by the defendant after such transfer cannot be given in evidence in defense to such note, although the maker had no notice of such transfer at the time of acquiring his demands against the promisee."

This general statement, in view of Code, section 5620, negotiable instruments law, section 58, should doubtless now be qualified, because among other things it provides that "in the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were non-negotiable."

■ When the note of the defendant so pledged as collateral security was originally pledged, the bank could not be held to be a holder in due course, (a)

because it was then long past due, and (b) because it is payable to the order of Emery B. Chase, and has never been endorsed by him.

Code, section 5592, negotiable instruments law, section 30, defines negotiation thus: "An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer it is negotiated by delivery, if payable to order it is negotiated by the indorsement of the holder completed by delivery."

■■ So that this instrument has never been negotiated, within the terms of the negotiable instruments act, because payable to the order of Emery B. Chase and never endorsed by him. The bank upon accepting it as collateral security acquired certain rights therein by its delivery. This, however, was clearly not a transfer of title or ownership, but a delivery upon condition —that is, merely as collateral security for the $100.00 note of Emery B. Chase. Such a pledge is doubtless a qualified equitable assignment, and entitles the pledgee to all appropriate remedies requisite to enforce his security.

A recital of these facts shows how different this case is from the case of *Davis* v. *Miller*, so confidently relied upon. There the absolute property in the negotiable instrument involved was assigned after maturity by endorsement for value. This endorsement vested the endorsee with title and all the rights of the owner of the instrument then existing. In this case, however, the bank never became the owner of the instrument and needed the aid of a court in order to enforce its lien thereon against Roland B. Chase.

■ It seems to us quite unnecessary to discuss the matter further. The defendant pleaded payment; he

and his brother testified to circumstances which the jury accepted as true, which cancelled the instrument and settled the debt as between Emery B. Chase, the payee, and Roland E. Chase, the maker. The bank to whom the note was originally pledged, according to its own evidence, the record in the attachment proceeding, has been paid by the purchaser thereof, J. E. Williams, the amount, $100.00, for which the note was pledged. The bank had notice before Williams acquired the pledged note that the defendant denied all liability to Emery B. Chase on the note because of the facts to which we have referred. The true owner of the $100.00 note of Emery B. Chase, either Williams or the bank, would doubtless have been entitled in a proper proceeding to recover of Roland E. Chase the $100.00 with interest, for which his note had been pledged before his settlement thereof with Emery B. Chase. This issue was not raised in this case, however. The bank as plaintiff claimed as owner, with the right to require Roland E. Chase to pay the entire amount of his note, subject to certain conceded credits endorsed thereon at the time, but failed to show ownership. The defendant denied all liability therefor, and under the evidence submitted, the verdict of the jury in his favor is conclusive.

Upon the record before us, the judgment is plainly right.

*Affirmed.*