NEWTON COUNTY BANK, RESPONDENT, v. ELIZABETH HOLDEMAN, APPELLANT.[*]

Springfield Court of Appeals. September 28, 1928.

*Corpus Juris-Cyc References: Banks and Banking, 7CJ, section 163, p. 552, n. 93; Bills and Notes, 8CJ, section 57, p. 52, n. 44; section 689, p. 474, n. 92; section 1316, p. 1010, n. 54; section 1317, p. 1011, n. 68; section 1358, p. 1046, n. 9.

*D. H. Kemp* for appellant.

*Horace Ruark* and *L. D. Rice* for respondent.

COX, P. J.—Action upon a promissory note. Plaintiff recovered and defendant appealed.

The note was executed by defendant and her husband and was given to the Stark City Bank of Stark City, Missouri, and was, by that bank, transferred to plaintiff. The petition was in the usual form and alleged that the Stark City Bank for value and in the usual course of business assigned and transferred the note to plaintiff by endorsing its name on the back thereof.

The answer admitted that plaintiff is a corporation; admitted the execution of the note and denied every other allegation of the petition. It also alleged payment of the note before plaintiff acquired possession of it and that plaintiff had knowledge thereof before this suit was filed.

The reply is a general denial followed by an allegation that plaintiff is a holder in due course having acquired the note before due for value and without notice of dishonor.

The pleadings placed on the plaintiff the burden of proving assignment and indorsement of the note by the payee, the Stark City Bank, before maturity for value, and upon defendant the burden of proving payment. And in case plaintiff should succeed in proving that it acquired the note for value before maturity and that the note passed to it by indorsement in such a way as to retain its negotiability, then the burden was on defendant to show that plaintiff had knowledge that the note had been paid when it received it.

The proof of plaintiff that it acquired the note for value before maturity was direct and undisputed, so for the purpose of this appeal these two facts may be conceded as proven. There was sufficient evidence on the part of defendant to take to the jury the question of whether or not defendant had paid the note to the payee, the Stark City Bank. Some questions are raised as to the instructions but since the judgment is to be reversed and the cause remanded for a new trial, we do not deem it necessary to discuss them.

The important question in this case is whether the plaintiff properly proved the indorsement of the note. The only proof offered on that question was the affidavit of the cashier of the Stark City Bank, the payee and transferer of the note. In that affidavit he stated "that the indorsement upon the back of said note is the indorsement and signature of the Stark City Bank made by this affiant as cashier of said bank while such cashier, *by order and authority of its board of directors.*" [Italics are ours.] This was objected to and one ground of objection was to the effect that the best evidence of what orders and authority the board of directors had given the cashier would be the record of the proceedings of the board. Our negotiable instrument statute provides the manner in which a negotiable instrument may be negotiated and its negotiability preserved. Section 817, Revised Statutes 1919, which is the same as section 10001, Revised Statutes 1909, provides, "An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee a holder thereof. If payable to bearer it is negotiated by delivery. If payable to order it is negotiated by the indorsement of the holder completed by delivery." Section 835, Revised Statutes 1919, is the same as section 10019, Revised Statutes 1909, and provides, "Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferor had therein and the transferee acquires, in addition, the right to enforce the instrument against one who signed for the accommodation of transferor and the right to have the indorsement of the transferor, if omitted by accident or mistake. *But for the purpose of determining whether the transferee is a holder in due course the negotiation takes effect as of the time when the indorsement is actually made.*" [Italics are ours.]

While the title to an instrument may pass to a purchaser for value without a statutory indorsement and he may sue thereon in his own name, he cannot be a holder in due course unless the statutory form of indorsement is used. A negotiable promissory note payable to order only retains its negotiability and protects the purchaser against defenses that might be available against the seller when the note is

indorsed as the statute provides.    [Carter v. Butler, 264 Mo. 306, 324, 174 S. W. 399.]

This note is payable to the order of the Stark City Bank.    The indorsement on it was in the following form:

"Stark City Bank,

"Stark City, Mo.

"NEVILLE DIXON, Cashier."

The cashier had no authority to place that indorsement on the back of the note unless he had been authorized in writing by the board of directors to do it.    Our banking law, section 11762, Revised Statutes 1919, provides: "The cashier or other officer or employee shall have no power to indorse, pledge or hypothecate any notes, bonds or other obligations received by said corporation for money loaned until such power and authority shall have been given such cashier or other officer or employee by the board of directors, a written record of which proceeding shall first have been made."    To show the authority of the cashier to indorse this note it was necessary to show by the record of the proceedings of the board of directors of the bank that he had been given that authority.    This seems to be the plain mandate of the statute.    We have another statute, section 5380, Revised Statutes 1919, which provides, "Whenever it becomes necessary in any suit to prove an assignment of, or an indorsement on, any bond, bill or note, an affidavit of a competent witness proving the same shall be received as prima-facie evidence of the facts stated in such affidavit."    We have been cited to no case, nor have we been able to find one, which undertakes to discuss the question as to how far a party may go in making a prima-facie case of proof of indorsement by affidavit only.    It has been held that ordinarily the affidavit goes no farther than to merely establish the naked fact of an indorsement and cannot be used to prove that the holder is a holder in due course.    [New Albany Woolen Mills v. Meyers & Co., 43 Mo. App. 124, 128; Ferry v. Woody, 210 Mo. App. 98, 104, 241 S. W. 78.]

It will be observed that the statute permits the indorsement to be shown by the affidavit of a competent witness.    We think that the statute contemplates nothing further than formal proof of indorsement by affidavit and such further proof relating thereto of such other facts necessary to show that the indorsement was made by the holder of the note or by his authority insofar as the party making the affidavit would be a competent witness to testify to the same facts if he were present and testifying as a witness at the trial and no farther.    If the holder were an individual and the note bore his indorsement, any witness who knew the facts, if present in court, could testify that the indorsement was made by the holder or by some other

168

person by the direction of the holder but when, as in this case the indorsement purports to be made for a bank by its cashier, then the provisions of our banking laws apply. The indorsement does not prove itself. The cashier acts only as the agent of the bank and the statute expressly limits his authority to place an indorsement on a promissory note to such notes only as the board of directors of the bank have, by proceedings of the board reduced to writing, given him authority to indorse. It necessarily follows that to prove that an indorsement on a note payable to a bank made by the cashier of such bank can only be made by showing that the board of directors of the bank has authorized him to do so by proceedings of the board reduced to writing. If the cashier, instead of making an affidavit to prove the indorsement, had been present at the trial and testified as a witness, he would not have been a competent witness to testify to the contents of the record of the proceedings of the board of directors when they ordered him to make the indorsement, if such an order was made, neither could he testify as a conclusion of his own that the board had authorized him to make the indorsement. That to which he cannot testify if present in court as a witness, he cannot prove prima-facie by affidavit. The statute above referred to, section 11762, has been amended by Acts 1927, p. 230, so that the authority of the cashier to indorse a note for the bank must be by resolution adopted by the board of directors and placed of record and a certified copy of that record is made conclusive proof of the authority conferred by the resolution. That latter act of the Legislature confirms our view that it was intended by the former law to restrict proof of the authority of the officer or employee of the bank to indorse notes to the written proceedings of the board of directors.

Our conclusion is that the affidavit offered in evidence in this case could have no other force or effect than to show that the indorsement on the note was placed there by the cashier of the bank, and to show a legal indorsement the plaintiff should have gone farther and should have shown by the record of the proceedings of the board of directors of the bank that the cashier had been given authority to place the bank's indorsement on this note. That, of course, could be shown by an order giving him authority generally to assign and indorse notes or by an order applying specifically to this note, but the authority could only be given by the action of the board reduced to writing and the only competent proof of what the board did would be the record of its proceedings. Without that proof the plaintiff failed to show that it was a holder in due course so as to deprive defendant of her right to prove payment of the note to the Stark City Bank, the payee in the note.

Other errors alleged by appellant, if error, are not likely to occur on another trial and we do not deem it necessary to discuss them here.

For the error noted, the judgment will be reversed and the cause remanded. *Bradley* and *Bailey, JJ.,* concur.