# CHARLESTON.

Louis J. Fink *v.* E. Clyde Scott.

(No. 6572)

Submitted January 14, 1930. Decided January 21, 1930. (Rehearing denied March 3, 1930).

*D. D. Ashworth* and *Clay S. Crouse,* for plaintiff in error.
*Carl C. Sanders,* for defendant in error.

WOODS, JUDGE:

This is the second time that this case has been before this Court. It is a notice of motion for judgment on a negotiable note, payable to "Lyda & Ridinger" and signed by the defendant as maker. On the first trial the plaintiff simply introduced the note, and testified that he purchased same in good faith from Lyda before maturity and for value. A judgment for plaintiff was reversed and the case remanded on the theory that since the payee appeared to be a partnership, Lyda's authority to endorse the name of the payee per his own on the note should be shown. 105 W. Va. 523. On the re-trial the plaintiff introduced evidence to the effect that Lyda in fact had such authority, and further that the defendant had told plaintiff that he got plaintiff's money for the note. Defendant admitted that he signed the note in blank in order that Lyda might get the money for him. In other words, the evidence in the instant case was to the effect that Lyda was acting as agent for the defendant in securing money, and that the latter actually received the money. Under such a state of facts the question of Lyda's authority to sign the partnership name does not arise. Of course defendant denies making the statement that he got plaintiff's money for the note. However, by his demurrer to the plaintiff's evidence he waived his evidence in conflict therewith, it not being clearly preponderent over that of the plaintiff, thereby resolving this question of fact in favor of the demurree. *Kelly v. Railroad Company*, 58 W. Va. 216. The establishment of the aforesaid fact likewise removes every vestige of any defense defendant may have had otherwise on the ground that Lyda had appropriated the money secured by the note to a purpose other than that for which it was expressly executed by the maker.

The judgment of the circuit court is accordingly reversed and judgment entered here for the plaintiff for the amount of the jury verdict, with interest thereon from the date of the judgment.

*Reversed; judgment here.*