COMMUNITY SAVINGS & LOAN COMPANY *v.* W. F. EIFORT

(No. 6912)

Submitted November 3, 1931.    Decided November 17, 1931.

*C. W. Strickling* and *M. W. Flesher,* for plaintiff in error.
*Livezey, Hogsett & McNeer,* for defendant in error.

WOODS, JUDGE:

Notice of motion by the purchaser of a large number of notes payable to Real Estate Securities Company to recover principal and interest on 24, of a series of 56, notes, payable in 13 to 36 months after date, respectively, the same having

been executed by W. F. Eifort, as maker. The notes sued on, each in the sum of $10.00, were executed in conformity with a certain agreement for the purchase of a lot from the securities company. Fifty-four of the notes of said series had been deposited by the payee with American Bank & Trust Company, as trustee under a collateral trust agreement executed by said securities company, as additional collateral to secure a certain series of bonds. The securities company having defaulted under said agreement, all notes held by the trustee, including those declared on here, were put up and sold.

Defendant-maker prosecutes error from an adverse judgment in the sum of $309.30. He denied liability on the ground of ''failure of consideration,'' the properties of the securities company, including the lot covered by his contract, having been sold to satisfy creditors, prior to the aforesaid sale of the notes held by the trustee. The right to invoke the above defense depends upon whether the trustee was a holder in due course. To effect a negotiation of a note payable to order there must be an indorsement and delivery. Code 1923, chapter 98-A, section 30. Delivery alone does not suffice. In such case the rights of the transferee are no greater than those of the transferor. *Citizens' Bank, etc.* v. *Chase,* 151 Va. 65.

It appears from the agreed statement of facts that the 56 notes executed by Eifort were in booklet form. On the inside of the front cover was printed:

> ''The payment of the within notes is guaranteed by the undersigned, as thoroughly and sufficiently as if each and every one of such notes were separately endorsed by the undersigned.
>
> REAL ESTATE SECURITIES CO.
>
> By................................................,
> Vice-Pres.''

Defendant contends (1) that the signature of the transferor has been omitted from the alleged indorsement, and (2) that, if said indorsement is complete, it cannot act as an allonge for more than one of the notes in the booklet. Plaintiff counters the first proposition with the statement that the

signature device was capable of being adopted without further mark, and that the deposit of the book of notes with the trustee amounted to an adoption thereof. In the agreed statement of facts we find that: "On that day R. L. Baughan, the Secretary and Treasurer of the company, acting in pursuance of the order of the Board of Directors of the Company deposited the fifty-four of said fifty-six notes executed by the defendant and contained in said book that matured in from three to fifty-six months after date, respectively, with the trustee under the collateral trust agreement as additional collateral to secure said bonds. The Company, the Board of Directors thereof and said R. L. Baughan would testify that they *intended that such deposit of said fifty-four notes should operate to make the trustee a holder in due course of said fifty-four notes contained in said book,* but neither said R. L. Baughan nor any other officer of the Company at that time or afterwards signed the matter in print on the inside of the front cover of said book hereinabove quoted in the space there provided for the signature of an officer of the company."

An unsigned indorsement is not sufficient. *Critcher* v. *Ballard,* 180 N. C. 111. The name of the transferor cannot be assumed to be physically present simply because of an intention to place it there. Although the transferee may be entitled to compel an indorsement, the execution thereof at a subsequent date will not protect the transferee from equities arising prior to the completion of such indorsement. Code 1923, chapter 98-A, section 49. Rights of a bona fide holder accrue as of the date when the indorsement is made. *National Mechanics Bank* v. *Schmelz National Bank,* 136 Va. 33. Even though a purchaser for value, a transferee cannot be a holder in due course unless the statutory form of indorsement is used. *Newton County Bank* v. *Holdeman,* 223 Mo. App. 164, 9 S. W. (2d) 852.

A typewritten indorsement has been held to be a sufficient compliance with the Uniform Negotiable Instrument Act. (Code 1923, chapter 98-A, section 31), were made and delivered by the payee or one in authority. *Pingree National Bank* v. *McFarland,* 57 Utah 410. Likewise a rubber stamp

indorsement is sufficient if made by one having authority. *Mayers* v. *McRimmon*, 140 N. C. 640. And where an agent signing the name of his principal fails to disclose that the name was signed other than by said principal, the same is good as an indorsement, if the agency is established. But, can a like rule be applied in the instant case?

Had the alleged signature appended to the printed indorsement on the inside of the cover ended with the name of the payee company, the plaintiff might have a stronger argument that it was the adopted signature of the payee. But the very fact that it provided on its face for the signature or mark of the vice-president indicated that the life of the proposed indorsement was dependent upon a further physical act. To our mind the name of the payee is in reality not on the paper as it now stands. It is apparent that such an alleged signature as appears here would always be open to question by the party making it, for it indicates on its face that it is not intended to be accepted as such, except when properly authenticated. The sentence in the agreed statement of facts amounts to nothing more than that the board of the payee company intended to complete the signature, but did not do so, and not that same was permitted to remain thereon as a signature.

Under the circumstances set forth in the agreed statement of facts, we are of opinion that the indorsement, which is so vital to plaintiff's claim, has not been established. The judgment must, therefore, be reversed and judgment entered here for the defendant.

*Reversed and entered.*