## CIRCUIT COURT OF THE CITY OF RICHMOND

City of Richmond

   v.

Thomas P. Baer et al.

July 11, 1978

Case No. 9935

By JUDGE MARVIN F. COLE

By letter agreement dated June 28, 1974, (Plaintiff's Exhibit 5) the plaintiff agreed to make a loan to Fashion Floors of Virginia, Incorporated, in accordance with the terms and conditions set forth in the letter. The face amount of the note to evidence the loan was to be in the amount of $10,000.00, with interest at the rate of 7% per annum, payable in monthly installments over a period of three years. The note was to be guaranteed by certain stockholders, whose liability was to be limited as follows:

| Stockholder | Shares | Percentage | Amount Guaranteed |
|---|---|---|---|
| Tommy Baer | 15 | 12 | $1,242 |
| Sherry Rose | 15 | 12 | 1,242 |
| John Anderson | 15 | 12 | 1,242 |
| King Randolph | 50 | 40 | 4,140 |
| Paul Kauffmann | 30 | 24 | 2,484 |
| | 125 | 100 | $10,350 |

The note dated July 10, 1974, (Plaintiff's Exhibit 4) was executed by Fashion Floors of Virginia, Inc., as maker, and was endorsed by the individual stockholders in accordance with the letter agreement. The note was delivered to the Church Hill Economic Development Corporation, who became the owner and holder of the note.

Difficulties arose with the program and the Church Hill Economic Development Corporation was dissolved. The Board of Directors passed a resolution (Plaintiff's Exhibit 1) stating that they had decided to transfer certain assets to the City of Richmond and the resolution also stated the following:

> Resolved that the President and the Secretary be instructed to deliver and transfer, Cash, Notes Receivable and Inventory to the City of Richmond, as of June 30, 1975.

The Council of the City of Richmond on July 28, 1975, adopted a resolution (Plaintiff's Exhibit 2) authorizing the City Manager to accept certain net assets from the Church Hill Economic Development Corporation.

The evidence established that the note which is the subject of this suit was one of the Notes Receivable referred to in the CHEDC and was one of the assets referred to in the Council resolution. The note was in fact delivered to the City of Richmond and came into its possession. However, the note was never endorsed by CHEDC to show the transfer to the City of Richmond. The evidence discloses no reason why the note was not so endorsed. The sole question before the court is whether the endorsement of the note by CHEDC to the City of Richmond is an essential element of the City of Richmond's case. Is the endorsement necessary for the City to maintain the suit on the note?

The rights and obligations of the parties must be determined from the terms of the note dated July 10, 1974, (Exhibit 4) and from the letter agreement between the parties dated June 28, 1974, (Exhibit 5).

The note involved here is clearly a negotiable instrument within the meaning of Section 8.3-104 and is further an instrument payable to order as set forth in Section 8.3-110 of the Code.

Section 8.3-201 and the following sections discuss transfer and negotiation of such an instrument. Section 8.3-201(3) states the following:

(3) Unless otherwise agreed any transfer for value of an instrument not then payable to bearer gives the transferee the specifically enforceable right to have the unqualified endorsement of the transferor. *Negotiation takes effect only when the endorsement is made and until that time there is no presumption that the transferee is the owner.*

Section 8.3-202 defines negotiation and states how it is to be accomplished, as follows:

(1) *Negotiation is the transfer of an instrument in such form that the transferee becomes a holder. If the instrument is payable to order it is negotiated by delivery with any necessary endorsement*; if payable to bearer it is negotiated by delivery.
(2) An endorsement must be written by or on behalf of the holder and on the instrument or on a paper so firmly affixed thereto as to become a part thereof.

In the case of *Citizens Bank* v. *Chase*, 151 Va. 65 (1928), Roland E. Chase, executed a note for the sum of $2,622 payable to the order of his brother, Emery B. Chase. After maturity of the note *Emery* pledged the note to Farmers Bank as collateral security for a loan by mere delivery, without endorsement. Farmers Bank consolidated with Citizens Bank, who succeeded to the right to the note.
Roland E. Chase paid his debt to Emery, but did not take up the note, probably knowing that it was pledged by his brother to secure a loan. Emery then left the State and did not pay his debt to the bank, who attached the note by proceedings in court. In the suit the bank did not claim to own the note, but merely had possession of it as pledged to secure the loan. At the sale under the attachment proceeding, the purchaser was J. E. Williams.

He thereby became vested with the rights of Emery B. Chase, but with no greater rights.

There is no evidence that the plaintiff, Citizens Bank, ever acquired any title to the note by endorsement or transfer from J. E. Williams. The bank contended that it was owner of the note and entitled to recover from Roland E. Chase for the entire amount of the note. The court held that since the note was never endorsed, the bank never became the owner of it and needed the aid of a court to enforce its lien thereon.

The case of *Fink* v. *Scott*, 105 W. Va. 523, 143 S.E. 305, is precisely in point. The court stated the following:

> Mere possession by a third person of an unendorsed negotiable instrument, payable to the order of the payee therein named, is not even prima facie evidence of legal title in the holder as such payee. . . If the endorsement "Lyda & Ridinger, by C. F. Lyda" is not sufficient upon its face to show a proper endorsement of the payee, the plaintiff's title is defective on its face. Our negotiable instrument law provides that the holder of an instrument may at any time strike out any endorsement not necessary to his title. *But the endorsement of the payee is necessary to the plaintiff's title in this case.*

*See also Community Sav. & Loan Co.* v. *Eifort*, 111 W. Va. 308, 161 S.E. 564, and also Michie's Jurisprudence, *Commercial Law*, Section 55.

In *An Introduction to the Uniform Commercial Code* by Bunn, Snead and Speidel, the following is stated at page 251:

> Section 3.14(B). Holder? - Before a man can claim to be a holder in due course he has to be a holder. That means that the instrument must be "drawn, issued, or endorsed to him or to his order or to bearer or in blank." U.C.C. 1-201(20). So if he was not the original payee, and it was not drawn or issued payable to bearer, he can be a holder only if it has been endorsed

to him or in blank, and he is in possession of it. U.C.C. 1-201(20); see also U.C.C. 3-202. And, here as elsewhere "endorsed" means endorsed by the prior holder or by his authority, forgeries are "wholly inoperative" as the prior holder's signature. U.C.C. 3-404; § 3.5.

So if plaintiff has bought an order instrument from the payee, and paid for it, and has it in his possession, but the payee has not endorsed it, plaintiff is not "holder," and will not be until it is properly endorsed. U.C.C. 3-202(1), 3-201(3).

For the reasons set forth above I believe that the endorsement of the payee to the City of Richmond is a necessary element to maintaining this suit, and that the plaintiff has not shown that the note has been transferred and negotiated to it.